(January 30, 1913.)

## MATTHEW JOYCE and ANNA JOYCE, Respondents, v. JACOB RUBIN et al., Respondents, and MURPHY LAND & IRRIGATION CO., LIMITED, Appellant.

### [130 Pac. 793.]

WATERCOURSE—WATER RIGHTS—ADJUDICATION OF—PLEADINGS—AMEND-
MENTS—PROOF—THEORY OF THE CASE—DUTY OF WATER—LOCA-
TION NOTICE—POSTING OF—DIVERSION—CHANGE OF PLACE—
ABANDONMENT—CROSS-COMPLAINT—DENIALS—IMMATERIAL ALLEGA-
TIONS—AMOUNT OF WATER REQUIRED—DECREE—AMENDMENT OF—
RECLAMATION OF LAND—DILIGENCE IN.

### (Syllabus by the court.)

1. In an action to determine and settle the priorities and amount of water to which each party to a suit is entitled from a certain stream, it is left to the court to determine from the evidence such priorities and amounts.

2. Each party by way of complaint or cross-complaint is required to set up the ultimate facts upon which his claim of right is based, and it is the duty of the court to make its finding of facts upon the evidence, and if the allegations of the pleading do not conform to the proof offered, the court may direct the pleadings to be amended to conform to such proof.

3. *Held,* that the trial in this case was conducted as is customary in water suits, and upon the theory that all parties submitted to the court evidence of the dates of the appropriation of water and of the amounts to which they were entitled.

4. ˙Under the provisions of sec. 4225, Rev. Codes, no variance between the allegations of the pleading and the proof is to be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits.

5. Sec. 4226, Rev. Codes, provides that where the variance is not material, the court may direct the fact to be found according to the evidence, or may order an immediate amendment.

6. Where the cross-complaint is not answered and the cross-complainant proceeds to trial without objection, as though an answer had been filed, he thereby waives the answer.

7. *Held,* the record shows that the action was tried upon the theory that all of the material allegations of the complaint and cross-complaints were put in issue.

8. Under the provisions of sec. 4306, Rev. Codes, in an action to determine the priority and amount of water to which each party to the action is entitled, if default is taken against any of the parties, evidence must be taken to establish the material allegations of the complaint or cross-complaint.

9. *Held,* that certain denials were sufficient.

10. Where it is alleged that it requires 1,500 inches of water to irrigate a tract of land consisting of 480 acres, and the court finds that the party is not entitled to water for more than 162.65 acres and awards 610 inches, or about four inches to the acre, therefor, and such award is sustained by the evidence, the action of the court will not be reversed.

11. Where a party has constructed his ditches and diverted water and irrigated his land for a number of years, and thereafter posts and files for record location notices, his right dates from the time of his appropriation and not from the date of posting such notices.

12. *Held,* under the evidence that the cultivated area of the Bennett ranch was increased from year to year, and that they were entitled to the full amount of water awarded them by the trial court.

13. Under the provisions of sec. 3247, Rev. Codes, a person entitled to the use of water may change the point of diversion if

others are not injured by such change, and such change does not work a forfeiture or is not an abandonment of such right.

14. Where it is alleged by one cross-complainant that it requires 400 inches of water to properly irrigate her land, that being about four inches to the acre, and another cross-complainant alleges that it requires only five-eighths of an inch to properly ʼirrigate such land, the amount actually required is put in issue by such pleadings.

15. The ultimate facts to be established under the pleadings were the priority and the amount of water to which each of the parties to the suit is entitled.

16. Immaterial allegations or averments in a pleading are not admitted by failure to deny them.

17. The respondents Joyce acquired title to certain lands formerly owned by their father, who had appropriated water for the irrigation of such land, and where they do not ask in their complaint to have the water to which they are entitled allotted to each separately, it is not error for the court to decree to them jointly the entire amount of water necessary for the irrigation of their land.

18. *Held,* that the respondents Joyce are entitled only to the amount of water awarded to them at the head of their ditch less the amount of water which flows from a certain spring situated on their land.

19. *Held,* that the decree must provide that when the natural flow of the stream is not sufficient to furnish the respondents with the full amount of water awarded to them, they should have only the amount furnished from the natural flow of the stream, each taking according to the priority of his right.

20. *Held,* under all of the facts of this case that the respondents have proceeded with reasonable diligence to reclaim the land for which water has been decreed to them.

APPEAL from the District Court of the Third Judicial District for Owyhee County. Hon. Alfred Budge, Presiding Judge.

Action to settle the priority and amount of water to which the parties are entitled from Sinker creek, for irrigation purposes. Judgment modified.

C. S. Polk, for Appellant.

Some of the defendants allege in their cross-complaints that they are entitled to a certain quantity of water per acre for

irrigation of their land, while the decree gives them much more than is asked for in their cross-complaints. (*Caldwell v. King,* 76 Ala. 149; *Enright v. Seymour,* 8 N. Y. 356; *Ten Broeck v. Orchard,* 79 N. C. 518.)

The Bennetts acquired no rights whatever by reason of the appropriation of water nine years before they constructed a ditch for the use of the water and nine years before the water was actually diverted. (*Ison v. Sturgill,* 57 Or. 109, 109 Pac. 579, 110 Pac. 535; *Ophir Silver Min. Co. v. Carpenter,* 4 Nev. 534, 97 Am. Dec. 550; *Cole v. Logan,* 24 Or. 304, 33 Pac. 568; *Hindman v. Rizor,* 21 Or. 112, 27 Pac. 13; *Seaweard v. Pac. Livestock Co.,* 49 Or. 157, 88 Pac. 963; *Kendall v. Joyce,* 48 Wash. 489, 93 Pac. 1091; Long on Irrigation, sec. 41.)

By a change of point of diversion after the rights of appellant had attached, the Bennetts lost their priority to the use of water for the lands covered by the old ditch which was then abandoned. (*Walker v. McGinness,* 8 Ida. 540, 69 Pac. 1003.)

In the case of *Hall v. Blackman,* 8 Ida. 272, 68 Pac. 19, this court held that fourteen years was not an unreasonable time in which to put a tract of land under irrigation, but the decision will hardly suffice in this case, where plaintiffs ask an extension of time for forty-six years in which to reclaim the land. (*Bennett v. Nourse,* 22 Ida. 249, 125 Pac. 1038; *Cole v. Logan, supra; Hindman v. Rizor, supra; Seaweard v. Pacific Livestock Co., supra; Kendall v. Joyce, supra; Weldon Valley Ditch Co. v. Farmers' Pawnee Canal Co.,* 51 Colo. 545, 119 Pac. 1056.) Economical use of water must be enforced. (*State v. Twin Falls Canal Co.,* 21 Ida. 410, 121 Pac. 1039; *Farmers' etc. Ditch Co. v. Riverside Irr. Dist.,* 16 Ida. 525, 102 Pac. 481.)

The evidence shows that there would be ample water from the spring alone to irrigate all lands lying below such spring, so that instead of requiring the delivery at the head of the ranch of a sufficient amount of water to irrigate the entire ranch the amount of water available for all lands lying below the house should be deducted from the amount of water to be delivered at the head of the ranch. (*Vogel v. Minnesota Canal*

& Reservoir Co., 47 Colo. 534, 107 Pac. 1108; Whited v. Cavin, 55 Or. 98, 105 Pac. 396.)

Richards & Haga and McKeen F. Morrow, for Respondents Bennetts.

The trial court is not only warranted in directing an amendment to the pleadings to conform to the proofs, after submission, but it is the duty of the court to do so whenever necessary to prevent a mistrial. (Secs. 4225, 4226, Rev. Codes; Hedstrom v. Union Trust Co., 7 Cal. App. 278, 94 Pac. 386; Stiles v. Hermosa etc. Co., 8 Cal. App. 352, 97 Pac. 91; Myers v. Holton, 7 Cal. App. 114, 98 Pac. 197; Hancock v. Board of Education, 140 Cal. 554, 74 Pac. 44; Iverson v. McDonnell, 36 Wash. 73, 78 Pac. 202.)

Where plaintiff goes to trial upon an answer without objecting to the form or sufficiency of the denial, and gives evidence in support of the allegation as though the denial were sufficient, and does not suggest upon the trial that the denial is defective, he will be deemed to have waived the objection. (3 Ency. L. & P. 1358, and cases there cited; Loftus v. Fischer, 106 Cal. 616, 39 Pac. 1064; Kansas & A. V. Ry. Co. v. Dye, 70 Fed. 24, 16 C. C. A. 604; Wire v. Foster, 62 Iowa, 114, 17 N. W. 174.)

Under the laws in force June 1, 1898, relative to the appropriation of water by posting and recording notice, an appropriation was complete upon the completion of the ditch constructed in compliance with the statutory provisions governing such appropriations, and such appropriation was not dependent upon the application of the water to beneficial use. (Secs. 3160–3163, Rev. Stats. 1887; Sess. Laws 1895, p. 175; Bailey v. Tintinger, 45 Mont. 154, 122 Pac. 575; Wiel on Water Rights, 3d ed., secs. 395, 396.)

"An appropriator may add from year to year acreage to his cultivated land, and increase his application of water thereto for irrigation as his necessities may demand, as his abilities permit, until he has put to a beneficial use the entire amount of water at first diverted by him and conducted to the point of intended use." (Conant v. Jones, 3 Ida. 606, 32

Pac. 250; *Hall v. Blackman,* 8 Ida. 272, 68 Pac. 19; *Taughen-baugh v. Clark,* 6 Colo. App. 235, 40 Pac. 153.)

Jackson & Walters, for Respondent Ella C. Harder, as Admx.

Appellant went to trial without asking for judgment on his cross-complaint, introduced evidence and thereby waived an answer. (*Conant v. Jones,* 3 Ida. 606, 32 Pac. 250.)

"In determining the duty of water, reference should always be had to lands that have been prepared and reduced to a reasonably good condition for irrigation." (*Farmers' etc. Ditch Co. v. Riverside Irr. Dist.,* 16 Ida. 525, 102 Pac. 481.)

Perky & Crow, for Respondents Joyce.

Allegations of matters of evidence are not issuable facts. They are not admitted by failure to deny. (*Siter v. Jewett,* 33 Cal. 92; *Moore v. Murdock,* 26 Cal. 514; *Nudd v. Thompson,* 34 Cal. 39; *Edmunds v. St. Louis R. Co.,* 3 Mo. App. 603; 1 Ency. Pl. & Pr. 792.)

Immaterial averments of a pleading need not be denied. They are not admitted by a failure to deny. (1 Ency. Pl. & Pr. 791; citing *Canfield v. Tobias,* 21 Cal. 349; *Doyle v. Franklin,* 48 Cal. 537; *Pink v. Catanich,* 51 Cal. 420; *Adams Express Co. v. Darnell,* 31 Ind. 20, 99 Am. Dec. 582; *Goldstein v. Krause,* 2 Ida. 294, 13 Pac. 232.)

This court in considering the right of a party to change his water to different land has clearly held that if other parties are not injured thereby, he has such a right, irrespective of the provisions of sec. 3264, Rev. Codes. (*Hard v. Boise City Irr. & L. Co.,* 9 Ida. 589, 76 Pac. 331, 65 L. R. A. 407; *Village of Hailey v. Riley,* 14 Ida. 481, 95 Pac. 686, 17 L. R. A., N. S., 86; *Mahoney v. Neiswanger,* 6 Ida. 750, 59 Pac. 561.)

"The amount necessary for beneficial use is a question of fact in each case." (1 Wiel, Water Rights, 3d ed., sec. 481, p. 507.)

This court will not cut down the amount of water decreed upon testimony the sole gist and burden of which is that the entire system must be changed at great cost and the entire

ranch be overhauled for the benefit of a subsequent appropriator. (*Nephi Irr. Co. v. Vickers,* 29 Utah, 315, 81 Pac. 144; *Rodgers. v. Pitt,* 129 Fed. 932.)

SULLIVAN, J.—This action was brought to determine the priorities and amount of water to which each of the parties to the action was entitled, from Sinker creek, in Owyhee county. The defendants, except Jacob Rubin and G. F. Lambert, appeared by answer and cross-complaint and set up their respective claims and rights therein. The defendant Harder did not answer the cross-complaint of the defendant, the Murphy Land & Irrigation Co. Thereupon the case was referred to a referee to take the testimony in the case and report the same to the court. It appears that certain testimony was taken and the case was closed and a report made by the referee to the court. Subsequently an application was filed to reopen the case and take further testimony, which application was granted. Further testimony was taken before Honorable John F. MacLane, one of the judges, sitting at Chambers, and after the testimony was closed, was referred to Honorable Alfred Budge, judge of the sixth judicial distract, for decision, and on April 1, 1912, he filed his findings of fact and conclusions of law and a decree of the court was entered thereon.

The court decreed to the plaintiffs Matthew and Anna Joyce 597.4 miner's inches, or 11.95 cubic feet of water per second of time, from April 1, 1867, and 30 inches, or 6/10 cubic feet, from April 1, 1876, for use on the Gilmore ranch, and 35 inches, or 7/10 cubic feet, dating from April 1, 1901; to the defendant Ella C. Harder, administratrix, 62.5 inches, or 1.25 cubic feet per second, from April 1, 1867, and 118.60 inches, or 2·3/7 cubic feet per second, from April 1, 1871; to the defendants Richard and Joseph Bennett 12.2 cubic feet from the following dates: 400 inches, or 8 cubic feet per second, from April 1, 1881; 210 inches, or 4.2 cubic feet per second, from April 1, 1892; to the defendant the Murphy Land & Irrigation Co., 400 second feet of the waters of said creek, from December 26, 1906, and 60 inches, or 1.2 cubic

feet per second, from the year 1865, and 20 inches, or .40 cubic feet per second, dating from April 1, 1865.

None of the parties appealed except the Murphy Land & Irrigation Co., and the appeal is from the judgment.

(1) The first alleged error complained of is that the court erred in ordering all of the pleadings to be amended to conform to the facts as shown by the evidence. It must be remembered that a suit to determine the priority and amount of water that each user from a stream is entitled to is somewhat different from the ordinary action, and the general rules of pleading have never been technically observed or strictly enforced in this class of cases, for if they were, in many cases where there are a hundred or more parties to the action the pleadings would be very voluminous. In such actions the main object or purpose is to determine the priority and amount of water to which each party to the action is entitled, and it is left to the court to determine from the evidence whether each party has established a right to any of the water in litigation. Each party to the action is required to plead the ultimate facts upon which he claims a right to the use of a portion of the water of such stream. It is the duty of the court to hear proof before it can legally make its findings or enter its decree. It is not made to appear that the issues were greatly changed under said order of the court, or that any additional testimony would be required to meet such amendments. The record fails to show that any evidence was objected to by appellant as being at variance with the pleadings, or as not being within the issues made by the pleadings. The record shows that the trial was conducted as is customary in water suits, upon the theory that each party submitted to the court evidence of the dates of his appropriation and amount of water claimed and his right and title to use it.

It is provided by sec. 4225, Rev. Codes, that no variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. And in sec. 4226, Rev. Codes, it is provided that when the variance is not material, the court may direct

the fact to be found according to the evidence or may order an immediate amendment.

In *Conant v. Jones,* 3 Ida. 606, 32 Pac. 250, it is held that when a cross-complaint is not answered and defendant proceeds to trial as though answer had been filed, he thereby waives the answer. It appears from the record that the appellant went to trial evidently upon the theory that the allegations of his cross-complaint were denied. The record fails to show that the appellant moved for judgment on its cross-complaint, and does show that appellant went to trial and introduced its proofs for the purpose of establishing the allegations of its cross-complaint. The case was evidently tried upon the theory that all of the material allegations of the complaint and cross-complaint were put in issue. The provisions of subd. 2, sec. 4306, Rev. Codes, provides for default upon failure to answer in a case not arising upon contract. In that kind of a case the plaintiff, after taking default, must apply to the court for the relief demanded in the complaint; in other words, must establish by proof the material allegations of his complaint. As bearing upon the question here under consideration, see *Myers v. Holton,* 9 Cal. App. 114, 98 Pac. 197; *Stiles v. Hermosa etc. Co.,* 8 Cal. App. 352, 97 Pac. 91; *Hedstrom v. Union Trust Co.,* 7 Cal. App. 278, 94 Pac. 386.

The court therefore, did not err in directing the pleadings to be amended in accordance with the proofs offered.

(2) The second error complained of is that the answer of the cross-complainants Bennett and Bennett does not deny the allegations contained in the cross-complaint of the appellant. It is contended that the answer to the cross-complaint of the appellant amounts to no defense whatever, and would entitle the appellant to judgment on the pleadings, and that such question would not be waived by failure to raise it in the lower court.

In a water case like the one at bar, the court would not be justified in entering a judgment in accordance with the prayer of the complaint without requiring the plaintiff to prove his case. Appellant in its cross-complaint was not content with setting up its own title or right to the use of the water of

Sinker creek, but undertook to set up the title of all water users along the creek, and as to all of such allegations except the paragraph setting up the claim of the Bennetts, the Bennetts answered as follows: "As to the allegations contained in paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13 and 14 of said cross-complaint, these answering defendants have no knowledge, information or belief on the subject sufficient to enable them to answer the allegations contained in said paragraphs or any of them, and placing their denials on that ground these answering defendants deny each and every of the allegations contained in said paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13 and 14." We think that denial is sufficient under the requirements of our statute. (Sec. 4183, Rev. Codes.)

California has a similar statute, and in *Etchas v. Orena,* 121 Cal. 270, 53 Pac. 798, the court had under consideration the question here presented, and held in accordance with the views herein expressed.

There is another reason why appellant cannot at this time be held to question the sufficiency of the respondents' answer. The case was tried upon the theory that the denials were sufficient to put each appropriator upon his proof as to his right to divert water from said creek, both as to priority and quantity, and no evidence was objected to during the trial on the ground that such evidence was not within the issues made by the pleadings. (See *Loftus v. Fischer*, 106 Cal. 616, 39 Pac. 1064; 3 Am. & Eng. Ency. of L. & Pr. 1357.) We think the answer of the Bennetts was sufficient.

(3) The third assigned error is that by the cross-complaint filed by the Bennetts it is alleged that it requires three inches of water per acre to irrigate the land of the Bennetts. It is contended that the court found as a fact that the Bennetts had under cultivation and irrigation a total of 162.65 acres of land, for which the court found they were entitled to water, and at the rate of three inches per acre, which they admitted in their cross-complaint was sufficient to irrigate the same, the court should have given them 488 inches of water and no more, but that the decree gave them 610 inches, or 122 inches more than they asked for in their cross-complaint. The court evi-

dently concluded that the Bennetts had made a mistake in their cross-complaint in claiming only three inches of water per acre, as their evidence showed it required more than that to irrigate said land, and authorized them to amend their complaint to conform to the evidence, and thereafter awarded them the amount of water with the date of priority to which the evidence showed they were entitled. The court did not err in so doing.

(4) Under the fourth assignment of error it appears that the Bennetts posted water right notices on the first day of June, 1889, under which 1,000 inches of water was claimed for the irrigation of said Bennett ranch. The evidence shows that ditches for the conveyance of such water had been constructed years before the posting of said notices, and that water had been conducted through them from year to year up to the time of posting such notices, and after a patent from the government to said lands had been procured said water right notices were posted simply to give a record title, or to indicate on the county records that the Bennetts claimed a water right from said creek. The posting of such notices in no way deprived them of the date of priority to which they were entitled under their actual appropriation of such water. It appears from the evidence that the cultivated area of the Bennett ranch was increased from year to year, and that they were entitled to the amount of water awarded them by the court.

(5) It is contended under the fifth error assigned that while the grantors of the Bennetts had acquired rights to the use of the waters of Sinker creek, said rights were abandoned by the Bennetts when in 1907 they changed the point of diversion by taking the water out of the stream about 1,800 feet farther up the stream than the point at which water had been at first diverted. This contention is without merit, for under the law they had a right to change their point of diversion so long as it did not injure any other water user. Under the provisions of sec. 3247, Rev. Codes, a person entitled to the use of water may change the point of diversion if others are not injured by such change, and if a change is made without proper application to the state engineer, as claimed in this

case, that would not forfeit the right to the use of such water.

(6) It is contended under the sixth assignment of error that the appellant alleged in its cross-complaint that it required only five-eighths of an inch of water per acre to irrigate the Harder ranch, and that no answer was filed by Harder, as administratrix, to the cross-complaint of appellant, and for that reason said allegation of the cross-complaint was admitted. As heretofore held, this case was tried upon the theory that each of the parties was required to establish the date of his priority and the amount of water required for the irrigation of the land. Harder alleged in her cross-complaint that it required 400 inches of water to properly irrigate her land. That allegation put in issue the amount required, regardless of appellant's allegation in its cross-complaint that it required only five-eigths of an inch per acre. The evidence sustains the finding of the court to the effect that the Harder land required two and one-half inches of water to successfully irrigate it.

(7) The assignments of error from 7 to 12, inclusive, concern the rights of respondents Matthew and Anna Joyce. It is first contended that there is an admission in the pleadings on behalf of said respondents as to the amount of water required to successfully irrigate the Joyce ranch, in that said respondents alleged that all of the land of the Joyce ranch requires "at least three inches of water to the acre." An inspection of the pleadings shows that the respondents Joyce claimed 1,500 inches of water to be used upon 480 acres of land. Much of the land claimed by them is farther away from the creek than the land to which water has been actually applied, and, as the evidence shows, less gravelly and less porous, and because three inches of water per acre would be sufficient to irrigate the entire tract, it does not follow it would not require more than that to properly irrigate the more porous land nearer the creek. It might be well to observe here that the appellant has alleged that certain lands of the respondents require only a certain quantity of water, but in the answer and cross-complaint of the respondents they allege the quantities of water required for their lands. Where it is alleged in the cross-complaint that certain lands require only five-

eighths of an inch of water and it is averred in the cross-complaint of the respondents that it requires three inches per acre, an issue is clearly presented although no negative words may be used.    (See *Perkins v. Brock,* 80 Cal. 320, 22 Pac. 194.) The ultimate fact to be proved was the amount of water the respondents were entitled to divert, respondents claiming that they were entitled to divert a certain amount of water and the cross-complaint averring that they were not entitled to that amount.    The respondents in their complaint had already set up their right and title to water which the appellant had denied in its answer.    The only averments material to be made in its cross-complaint were as to its own right and title, and it was not required to set up the right and title of the plaintiffs.    Immaterial averments in a pleading need not be denied, and are not admitted by failure to deny them.    (1 Ency. Pl. & Pr. 791, and cases there cited.)    A sufficient answer to said assignment is that the case was tried upon the issue as to the amount of water necessary to irrigate the Joyce ranch.    That there was a wide discrepancy between the amount claimed by the plaintiffs and the amount conceded by appellant is true.    The plaintiffs asked for 1,500 inches of water for 480 acres of land—about three inches per acre— and the court decreed them 597.40 inches for the irrigation of 119.48 acres, which we think under the evidence the court was justified in doing, as the evidence shows it requires much more water per acre to irrigate the 119.48 acres close to the creek than it does the land farther away.

(8) The point raised by the eighth assignment of error is that there is an admission in the pleadings to the effect that the plaintiffs did not jointly own the land to which the water is applied, but that Anna Joyce owns a certain portion and that Matthew Joyce owns the remaining portion, and that the court erred in decreeing water for the Joyce ranch as a whole; that it should have segregated the portions of said ranch alleged to be owned by the different parties and apportioned the water between them.    Under the facts of the case, this contention is somewhat technical.    The Joyce respondents asked in their complaint to have the water de-

creed to them jointly, they being the owners of the Joyce ranch. The testimony throughout refers to said tract of land as the Joyce ranch. The appropriation was made for the entire ranch of Matthew Joyce, Sr., which subsequently descended to the plaintiffs, and has always been farmed together, and is now in the possession and under the control of both the plaintiffs and their lessee, and the record contains a stipulation of the parties to this action as follows: "It is further stipulated and agreed by the parties to this action that the lands described in the several complaints and cross-complaints are the properties of the parties alleging title thereto." Upon the whole record we conclude there is no merit in this contention. The water was appropriated for said entire ranch and has always been used on that ranch, and it does not appear that anyone is injured by decreeing said water jointly to the owners of said ranch.

(9) Under the ninth assignment of error it is contended that the court should have taken into consideration the springs that rise either in the bed of the stream or along its sides. The court evidently considered those springs as a part of the stream. It was expressly found by the court "that it appears that there is a certain spring in Sinker creek where the same flows through the Joyce ranch aforesaid, which is a part of the natural flow of said creek; that the waters of said spring when used and diverted by plaintiffs is a part of said waters so given to the land of plaintiffs." It is clear from the finding that the respondents Joyce are not entitled to the water flowing from said spring in addition to the water decreed to them, but that the amount of the flow of said spring must be deducted from the total number of inches of water awarded to the respondents Joyce. They are not entitled to the number of inches awarded to them at the head of their ditch and in addition thereto the flow of said spring. They are entitled only to the amount awarded to them at the head of their ditch less the flow of said spring. From the record it appears they have about 50 acres of land below where said spring rises, and certainly can use the water from said spring in the irriga-

tion of said land, so the decree in that regard must be amended in conformity with the views herein expressed.

(10) Under the tenth assignment of error appellant contends that while the waters of Sinker creek sink or disappear during the latter part of the season, so that during the months of July, August and September the amount of water in the stream does not exceed 200 inches, and while this appellant is constructing a reservoir for impounding the waters of said stream for the purpose of irrigating certain lands, yet the decree makes no provision for the water shortage during the summer months, and no provision has been made for measuring the waters of the stream, but allows the plaintiffs and the several cross-complainants the full amount of water awarded to them, apparently for the entire season, which amount could only be supplied by drawing from the storage provided by the appellant for other lands, and under that state of facts it is contended that the decree should provide for measuring the waters of said stream above the dam of appellant, and when the waters are low, the respondents should be entitled only to the flow of the stream and not to exceed the amounts they are allowed by said decree. That contention is well founded, and the decree should provide that when the natural flow of the stream is not sufficient to furnish the respondents with the full amount of water awarded to them, each should have only the amount furnished from the natural flow of the stream, taking, of course, according to the priority of his right. The decree should have provided for the measuring of the water of the stream as it entered the reservoir of the appellant, and should also provide that the respondents should receive only the natural flow of said stream when it is less than the entire quantity of water awarded to them and in accordance with their priorities as established by the decree. Of course, as appellant has an eighty-inch water right with a priority of April 1, 1865, it would be entitled to that full amount as long as the natural flow of the stream amounted to eighty inches, its right being the oldest on said stream.

A measuring device ought also to be established at the dam of appellant, so that the water required to be turned down to the respondents could be measured. In order that justice may be done to all of the parties to this action, the decree must be modified as herein indicated.

(11) Under the eleventh assignment of error it is contended that some of the respondents have not proceeded with reasonable diligence to reclaim all of their land for which they were allowed water by the trial court, and if the land had been situated in some parts of the state where the increase in population and reclamation of land had been more rapid than in the Sinker creek region, this court would have been inclined, upon the facts appearing from the record, to hold that at least one or two of the respondents had not proceeded with reasonable diligence to reclaim their land. But under all of the facts of this case, we are inclined to hold that the court did not err in decreeing to each of the respondents the amount of water decreed to him.

(12) It is contended under the twelfth assignment of error that the respondents at most are not entitled to more than one and one-fourth inches of water per acre; but under all of the facts of this case this court is not inclined to modify the decree entered in regard to the quantity of water awarded to each of the respondents.

It is therefore ordered that the decree be amended as above indicated, and it is also ordered that each of the parties hereto pay the costs of this appeal incurred by him.

Stewart, J., concurs.

### ON PETITION FOR REHEARING.

#### (March 5, 1913.)

SULLIVAN, J.—A petition for rehearing and modification of the original opinion in this case has been filed by the respondents Joyce, and it is contended that that part of the decision in regard to the water flowing from a spring situated on the Joyce land is susceptible of two constructions.

After quoting from the finding of the court in regard to said spring, we stated in the opinion as follows:

"It is clear from the finding that the respondents Joyce are not entitled to the water flowing from said spring in addition to the water decreed to them, but that the amount of the flow of said spring must be deducted from the total number of inches of water awarded to the respondents Joyce. They are not entitled to the number of inches awarded to them at the head of their ditch and in addition thereto the flow of said spring. They are entitled only to the amount awarded to them at the head of their ditch less the flow of said spring. From the record it appears they have about 50 acres of land below where said spring rises, and certainly can use the water from said spring in the irrigation of said land, so the decree in that regard must be amended in conformity with the views herein expressed."

The intention of the court was to give said respondents the amount of water decreed to them at the head of their ditch less the amount of the flow of said spring which could be used in irrigating respondents' land. If there were fifty acres of land which the water from the spring could be used to irrigate, the number of inches of water which could thus be used should be deducted from the amount awarded to the respondents at the head of their ditch. And if there is sufficient flow from said spring to irrigate said entire fifty acres, so much of the water flowing from said spring as can be beneficially used on the lower end of the Joyce ranch is to be deducted from the amount required to be turned to the said respondents at the head of their ditch. In other words, the respondents Joyce are not to have what water they can use from the spring and also have turned in to them at the head of their ditch all of the water that they were awarded by the decree, and the land lying under the spring is to be irrigated entirely from the water of such spring, and should have no other water unless the spring is insufficient to irrigate such land. A rehearing on said petition is therefore denied.

Counsel for the appellant, the Murphy Land & Irrigation Company, has also filed a petition for rehearing, and con-

tends that the respondents Bennett were awarded 610 inches of water for 162.65 acres of land, and that the court having found that said respondents are entitled to no more than three inches of water per acre for said 162.65 acres, which would be 488 inches, and the court having allowed them by the decree 610 inches, it allowed them 122 inches of water more than the findings of fact would warrant or support.

On a re-examination, we ascertain that the court found, among other things, in its 24th finding of fact, that the 162.65 acres of the 320 acres of land owned by the Bennetts is supplied with water from their ditches, and by the 26th finding of fact, the court found that it required "approximately three inches" per acre to properly irrigate said land. If it only requires three inches per acre, it would require but 488 inches to properly irrigate all of the land that the Bennetts had properly irrigated or reclaimed. By the 26th finding the court finds that the defendants have applied to a beneficial use in the irrigation of said lands 610 inches. If it required only three inches per acre and the Bennetts had only reclaimed 162.65 acres, all the water they would be entitled to would be 488 inches, and we are satisfied, on a re-examination of the evidence, that that is all they are entitled to; hence the original opinion in this case will be modified to the extent of allowing the Bennetts 488 inches instead of 610 inches, and the judgment of the trial court will be modified to the extent herein indicated.

It is next contended that the court erred in granting to respondents Bennett a priority over the appellant, the Murphy Land & Irrigation Co., for said 162.65 acres; that 66 acres of said land was not irrigated until 1907 or 1908, and that the appellant's right to the water attached from December, 1906. On a review of all of the evidence in regard to the Bennett's right, we are satisfied that they are entitled to three inches of water per acre for said 162.65 acres.

With the above-noted modifications, the petition for rehearing will be denied and the cause remanded, with direc-

tions to the trial court to make the changes indicated in this and the original opinion.

Stewart, J., concurs.

Ailshie, C. J., did not sit at the hearing and took no part in the decision.