8303. Morrison *v.* Citizens and Southern Bank.

Broyles, P. J. 1. Before one who is sued as the maker of a promissory note and who appears as such on the face of the note can avail himself of the provisions of section 3556 of the Civil Code of 1910 which allow a defendant, under such circumstances, either before or after the judgment, to prove by parol that he was in reality a surety only, he must give the notice required by the statute, and his plea must contain an appropriate prayer for independent affirmative relief. *Carlton* v. *White,* 99 *Ga.* 384 (3). In the instant case, even if the prayer in the defendant's plea was sufficient to allow him to prove his suretyship by parol, it does not appear that he had notified the alleged principal of his intention to make such proof. In the absence of such notice, parol evidence as to the suretyship was inadmissible, and the court did not err in refusing to allow the defendant to establish this fact before the jury.

2. There is no merit in the contention that the court erred in not submitting to the jury the question whether the Irish-American Bank had waived protest on the note sued upon; it appearing that no notice of non-payment or of protest for non-payment had been given that bank. Notice of non-payment or protest is not necessary to bind a principal on a note. It is given only for the purpose of fixing liability upon an

indorser or surety. *Pritchard* v. *Smith,* 77 *Ga.* 463, 466. In the instant case the defendant's contention is that the Irish-American Bank was not an indorser of the note, but was the real maker and principal of the same. If this be true, the Irish-American Bank was ultimately liable on the note as the maker, and no protest for non-payment was necessary to bind it. Under such circumstances the defendant will not be heard to complain that no notice of non-payment or protest for non-payment had been given the Irish-American Bank, or that it did not waive such notice.

3. The facts of this case, as disclosed by the record, show that the provisions of section 2360 of the Civil Code of 1910 are not applicable thereto. This section provides that "all - conveyances, assignments, transfers of stocks, or other contracts made by a bank in contemplation of insolvency, or after insolvency, except for the benefit of all creditors and stockholders, shall be fraudulent and void, unless made to an innocent purchaser for value without notice or knowledge of the condition of the bank." Under this statute an unlawful preference arises only when the transfer is made by a bank, insolvent at the time or in contemplation of insolvency, for an *antecedent* debt. *Booth* v. *Atlanta Clearing House Asso.,* 132 *Ga.* 100; 10 Cyc. 295. In the instant case the transfer of the collateral notes, of which the note sued upon was a part, from the Irish-American Bank to the plaintiff bank, was to secure a *present,* and not an antecedent, debt. See *Toomey* v. *Citizens & Southern Bank,* 19 *Ga. App.* 271.

(*a*) Even if the transfer of the collateral security from the Irish-American Bank to the plaintiff bank could be held illegal, the former bank, or its receiver, could not demand the return of its collateral from the plaintiff bank without restoring the latter to its original condition, which would mean the repayment of the debt, for the security of which the collaterals were transferred. *Booth* v. *Atlanta Clearing House Asso.,* supra.

4. There is no merit in the complaint that the court did not require the plaintiff bank to account for the other collateral security pledged to it by the Irish-American Bank. There was no evidence which showed that the debt of the latter bank to the plaintiff had been paid. "If a promissory note, before its maturity, is pledged as collateral security for a particular debt, and such debt is afterwards paid, the holder of the collateral note has then no right to collect it, if the person liable for its payment has already paid it to the pledgor who was the original payee; *but so long as any portion of the debt secured by the collateral remains unpaid, the holder of the latter may collect the same, or at least enough thereof to satisfy whatever may remain due on the claim thereby secured*" (italics ours). *Bank of University* v. *Tuck,* 96 *Ga.* 456 (6). "Where the holder of a bill or note has acquired it as collateral security for a debt and is entitled to recover thereon, the extent of his recovery is limited to the amount of that debt, if there be a valid defense against the party transferring it to him, . . but in the absence of proof to the contrary, the holder of an accommodation paper, transferred to him as collateral for the debt of the person who transferred it, will be deemed to have advanced the full amount of the

paper, or to hold against his debtor a claim equal to or in excess of the paper." *Hancock* v. *Empire Cotton Oil Co.*, 17 *Ga. App.* 170 (4). See also, to the same effect, *Linderman* v. *Atkins*, 143 *Ga.* 366 (3).

5. The remaining grounds of the motion for a new trial are not argued in the brief of counsel for the plaintiff in error, and are therefore treated as abandoned.

6. The court did not err in directing a verdict for the plaintiff, or in thereafter refusing to grant a new trial.

*Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*
DECIDED FEBRUARY 16, 1917.

Complaint; from Richmond superior court—Judge H. C. Hammond. November 26, 1915.

*William K. Miller,* for plaintiff in error.

*Boykin Wright, Boykin Wright Jr., Alexander & Lee,* contra.