PORTLAND CATTLE LOAN COMPANY, a Corporation, Plaintiff and Respondent, v. DAVID GEMMELL and AGNES GEMMELL, E. CURTIS WARREN, and NATIONAL BANK OF IDAHO, a Corporation, Defendants and Respondents.

FEDERAL RESERVE BANK OF SAN FRANCISCO, a Corporation, FIRST NATIONAL BANK OF WALLACE, a Corporation, and NATIONAL COPPER BANK, a Corporation, Plaintiffs in Intervention, and Appellants, v. DAVID GEMMELL, AGNES GEMMELL, NATIONAL BANK OF IDAHO, a Corporation, and PORTLAND CATTLE LOAN COMPANY, a Corporation, Defendants in Intervention and Respondents.

[242 Pac. 798.]

PLEADING — COMPLAINT AND CROSS-COMPLAINT — ALLEGATIONS—INTERVENTION—ISSUE—PROCESS — PERSONAL SERVICE OUTSIDE STATE—DEFAULT—PROOF—PLEDGES—ENFORCEMENT — PROMISSORY NOTE—AMOUNT OF INDEBTEDNESS — PRESUMPTION—EVIDENCE—IMPEACHMENT — WITNESSES — CROSS-EXAMINATION — DISCRETION OF TRIAL COURT—STATUTE—APPEAL AND ERROR—REVIEW—FINDINGS—IMMATERIAL ISSUES.

1. Allegations of a complaint and cross-complaint alleging a certain, specific agreement and state of facts, not answered by

an intervenor, are sufficiently put in issue as to such intervenor where the complaint in intervention alleges a certain, specific agreement and state of facts wholly inconsistent with and contrary to the allegations of the complaint and cross-complaint, and answers to the complaint in intervention specifically deny the allegations thereof.

2. Personal service outside the state, when ordered, is in lieu of publication, and a default based upon such service does not admit the material allegations of a complaint, and the court must require proof to be made of the demand mentioned in the complaint.

3. Possession of a promissory note, and its production in evidence, with proof of its execution and delivery as collateral security, establish *prima facie* a prior indebtedness presumed to be at least equal to the face of the note.

4. While possession of a note is *prima facie* evidence of ownership, this amounts only to a presumption which may be overcome by the facts, and a finding to the contrary, supported by substantial evidence, will not be disturbed.

5. While impeachment evidence, consisting of statements of a witness made at another time or place, is not substantive proof of the truth of the facts so stated, it may have the effect of rendering nugatory the affirmative evidence given of a different state of facts.

6. Cross-examination of a party to an action is largely in the discretion of the trial court, and refusal of a court to permit one party to an action to examine a party called as a witness by another party for cross-examination under the statute (C. S., sec. 8035), is not an abuse of discretion, when full opportunity existed for the party complaining to himself call such party for examination under the statute.

7. A judgment based upon sufficient findings as to material issues, supported by sufficient evidence, will not be reversed because other findings upon immaterial issues are not supported by the evidence.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robert M. Terrell, Judge.

5. Impeachment of witness by showing prior contradictory statements, see note in 73 **Am. Dec.** 762. See, also, 28 **R. C. L.** 633.

Action to foreclose a mortgage on real property. Judgment for plaintiff and cross-complainant National Bank of Idaho, from which plaintiffs in intervention appeal. *Affirmed.*

S. T. Lowe, for Appellants.

The trial court has the same discretion to limit an examination under C. S., sec. 8035, as it has of cross-examination generally, and should exercise this discretion to the end that the purpose of the law be not abused. (*Darry v. Cox,* 28 Ida. 519, 155 Pac. 660; *Boeck v. Boeck,* 29 Ida. 639, 161 Pac. 576.)

The best evidence of the contents of a written instrument consists in the actual production of the instrument itself; secondary evidence of its contents cannot be admitted until the nonproduction of the original has been satisfactorily accounted for. (10 R. C. L., sec. 55, p. 903.)

"The possession of a negotiable instrument indorsed in blank is sufficient *prima facie* evidence of ownership." (*Bank of California v. J. L. Mott Iron Works,* 113 Cal. 409, 45 Pac. 674; *Gumaer v. Sowers,* 31 Colo. 164, 71 Pac. 1103; *State Savings Assn. of St. Louis, Mo., v. Barber,* 35 Kan. 488, 11 Pac. 330; *O'Keefe v. First Nat. Bank,* 49 Kan. 347, 33 Am. St. 370, 30 Pac. 473; *Price v. Winnebago Nat. Bank,* 14 Okl. 268, 79 Pac. 105.)

"On a claim for unliquidated damages it is error for the court on default to enter judgment for damages without requiring the plaintiff to prove the amount of damages he has sustained." (*Welsh v. Bigger,* 24 Ida. 169, 133 Pac. 381; *Park v. Wardner,* 2 Ida. 263, 285, 13 Pac. 172; *Idaho Placer Min. Co. v. Green,* 14 Ida. 284, 94 Pac. 161.)

Budge & Merrill, Jones, Pomeroy & Jones and D. W. Standrod, for Respondents.

When the allegations of the complaint are not denied either by the defendants or by an intervenor who injects himself into a cause, and no evidence is received in support thereof, it is not error for the trial court to make finding responsive to the undenied allegations of the complaint. (*Brown v.*

*Macey,* 13 Ida. 451, 90 Pac. 339; *Edmundson v. Taylor,* 17 Ida. 618, 106 Pac. 991; *Fouch v. Bates,* 18 Ida. 374, 110 Pac. 265; *Woronicki v. Pairskiego,* 74 Conn. 224, 50 Atl. 562; *Fernendez v. Watt,* 26 Cal. App. 86, 146 Pac. 47.)

A cause will not be reversed by an appellate court merely because the trial court admitted immaterial evidence. (*Tuttle v. Welty,* 46 Colo. 25, 102 Pac. 1069; *In re McVay's Estate,* 14 Ida. 56, 93 Pac. 28; *People v. Durrant,* 116 Cal. 179, 48 Pac. 75; *Garr v. Cranney,* 25 Utah, 193, 70 Pac. 853.)

TAYLOR, J.—The respondent Portland Cattle Loan Company, hereinafter referred to as plaintiff, brought this action against David Gemmell, Agnes Gemmell, his wife, and E. Curtis Warren, hereinafter referred to as defendants, and the National Bank of Idaho, a defendant, hereinafter referred to as cross-complainant, to enforce foreclosure of a real estate mortgage. The appellants Federal Reserve Bank of San Francisco, First National Bank of Wallace, and National Copper Bank, intervened, and will be hereinafter referred to as intervenors or appellants. The plaintiff, cross-complainant and intervenors all sought foreclosure of the same real estate mortgage, but upon different allegations of their individual rights and of the agreement for the giving of the mortgage, and as to how it was to be, and was, carried out. The intervention was permitted on a motion and order reciting that the intervenors "have an interest in the subject matter of the action adverse to the plaintiff and defendants."

Plaintiff's complaint alleges the mortgage to have been given on June 9, 1920, by defendants Gemmell to Warren as trustee, to secure four certain promissory notes in the sum of $25,000 each, under an agreement that two of the notes were to be given to plaintiff as collateral security for a prior existing indebtedness, and advancements recited, now due and owing, one to be given to assignors of the cross-complainant and the fourth to Webb & Company; that the three notes were delivered, but that the fourth was never delivered to Webb & Company, and remains in the hands of Warren undelivered; that defendant Warren has refused and

neglected to foreclose the mortgage, though past due, and without right claims some interest in the so-called Webb & Company note as security for alleged indebtedness of Gemmell to the First National Bank of Burley, but that said note was never delivered to such bank; and that Warren had no right to assign or deliver it to the bank or to anyone other than Webb & Company, who had refused to accept it.

The cross-complainant answered the complaint, admitting most of its material allegations, but denying that any sum was due or owing to the plaintiff, and by cross-complaint setting out practically the same general, material allegations as in plaintiff's complaint, its ownership and possession of one of the $25,000 notes, and its nonpayment, with sufficient allegations for foreclosure of the mortgage. No error is assigned for insufficiency of the evidence of cross-complainant, except such as goes also to plaintiff's case.

The intervenors did not answer the complaint or cross-complaint, but by their complaint alleged different facts as to the agreement for, and execution and delivery of, the notes and mortgage. They alleged that Gemmell and wife were indebted to the First National Bank of Burley in the approximate sum of $19,250, and in large sums of money to certain other creditors in amounts unknown to intervenors; that, in order to secure said creditors and the First National Bank of Burley, they agreed with the bank to execute the four promissory notes in the sum of $25,000 each, payable to Warren, to be secured by a mortgage, and that as soon as the notes and mortgage were made, Warren would assign, transfer and deliver one of them to the bank as collateral security for the indebtedness due from Gemmell and wife to the bank or its assigns; that, pursuant to this agreement, Gemmell and wife made, executed and delivered to Warren their four certain promissory notes in the sum of $25,000 each and mortgage, for the benefit of the owners and holders of said notes; that, on June 19, 1920, for the purpose of carrying out the terms of this agreement, and in pursuance thereof, Warren did indorse, transfer and deliver to the bank one of said notes, secured by said mortgage, setting out a copy of the note; that, on June 19, 1920, Warren made,

executed and delivered to the bank an assignment of said mortgage; that the bank accepted the note and assignment of mortgage as collateral security for the indebtedness which defendants Gemmell and wife owed to the First National Bank of Burley or to its assigns. Then follow sufficient allegations that the intervenors each respectively hold a smaller note given by Gemmell to the bank of Burley, totaling $19,250, and sold to them respectively, for which the mortgage and $25,000 note was security, with prayer for foreclosure and a share in the security.

The plaintiff and cross-complainant answered the complaint in intervention, denying specifically all of the allegations · thereof materially differing from the allegations of their complaints; and the plaintiff pleaded, as an affirmative defense, practically all the matters of difference alleged in its complaint, and in addition that if Warren had indorsed the note or mortgage to the First National Bank of Burley, as security, he had violated his trust, and that the bank took it with full notice of such violation, and with no rights thereunder.

The default of the defendants Gemmells and Warren was entered as to the complaint, the cross-complaint and intervenors' complaint. Findings of fact and conclusions of law were made in favor of the plaintiff and the cross-complainant, the National Bank of Idaho, in substantially the language of their respective pleadings, and against the intervenors, and judgment rendered in favor of the plaintiff and cross-complainant the National Bank of Idaho, for the amounts of their notes with interest and attorney's fees, decreeing that if the proceeds were insufficient to satisfy the demands of the plaintiff and cross-complainant, they be divided two-thirds to the Portland Cattle Loan Company, and one-third to the National Bank of Idaho. There being no personal service upon Gemmell and wife, a personal or deficiency judgment was denied. The intervenors were adjudged to have no right, title or interest in the mortgaged premises, to take nothing by their complaint in intervention, and that the same be dismissed. This appeal is by the intervenors from said judgment.

Among others which will be discussed later, one of appellants' chief contentions is that the evidence is insufficient to sustain the finding that "defendant Gemmell was indebted to the plaintiff in the sum of $104,809.55," or in any other sum. Respondents contend that the default of defendants and the failure of intervenors to answer their complaints were an admission of all the allegations thereof, making proof thereof unnecessary.

It will be noted that the cross-complainant denied a very material allegation of plaintiff's complaint, that there was any balance due the plaintiff. The plaintiff and cross-complainant as well denied all the material allegations of the intervenors' complaint, and set up affirmatively allegations of fact to establish that the agreement for the notes and mortgage as security was as contended by them in their original pleadings. The default of the defendants does not establish those facts. Proof was necessary of those material allegations necessary for the plaintiff and cross-complainant to recover. The material allegations necessary to entitle plaintiff and cross-complainant to recover were in effect put in issue when they alleged a certain, specific agreement and state of facts, and the intervenors alleged a certain other agreement and state of facts, wholly inconsistent with and contrary to the allegations of plaintiff and cross-complainant, and an issue was fairly tendered by the pleadings including the answer and affirmative defense set up by plaintiff to the intervenors' complaint. (*Joyce v. Rubin,* 23 Ida. 296 (307, 308), 130 Pac. 793; *Perkins v. Brock* (Cal.), 22 Pac. 194.) Other cases enlightening in their discussion, and in part supporting this view, are: *Townsend v. Driver,* 5 Cal. App. 581, 90 Pac. 1071; *Cunnington v. Scott,* 4 Utah, 446, 11 Pac. 578.

By the provisions of C. S., sec. 6832 (amended, Sess. L. 1921, c. 162, p. 359), on any default in a case such as this,— "If the taking of an account, or the proof of any fact, is necessary to enable the court to give judgment, or to carry the judgment into effect, the court may take the account or hear the proof . . . . " and "In actions where the service of the summons was by publication, . . . . the court must

thereupon require proof to be made of the demand mentioned in the complaint; and if the defendant be not a resident of the state, must require the plaintiff or his agent to be examined on oath respecting any payments that have been made to the plaintiff or to any one for his use, on account of such demand, and may render judgment for the amount which he is entitled to recover."

Personal service outside the state, when ordered, is "in lieu of . . . . publication" (C. S., sec. 6677), and the same proof is necessary in case of default based on such service.

The requirements of C. S., sec. 6832, subd. 3 (amended, Sess. L. 1921, c. 162, p. 359), that, upon a default based upon service by publication, the court shall require proof "of the demand mentioned in the complaint," is little, if any, different in its requirements from the provisions of subdivision 2 thereof, that, upon any default, the court may take proof necessary to enable the court to give judgment. This court has held in *Joyce v. Rubin*, 23 Ida. 296, 130 Pac. 793, that, under C. S., sec. 6832, subd. 2, the plaintiff "must establish by proof the material allegations of his complaint." In this instance the plaintiff was called upon to make proof of the demand mentioned in the complaint, which in substance required proof of a prior existing indebtedness in some amount, the execution and delivery of the notes as collateral security, the ownership and possession, and the fact that the collateral notes had not been paid.

The plaintiff introduced its two notes and the mortgage, and the cross-complainant its note with proof of its delivery to, and assignment by, the Stockgrowers' Bank & Trust Company, its assignor. Each submitted proof of a reasonable attorney's fee. Gemmell testified to the execution of the notes and their nonpayment. The intervenors themselves plead the same mortgage and the same four notes, and themselves allege that three of these notes were executed to be given to certain other creditors of the defendant Gemmell as collateral security for debts due them, and that the fourth note was to be delivered to the Burley bank. The evidence is ample to establish that the plaintiff was one of these creditors, and that the cross-complainant was another. The wit-

nesses Warren and Gemmell testified to the delivery of these notes as collateral security. They were indorsed by the trustee to plaintiff and cross-complainant's assignor by specific indorsement, reciting their names. The possession of the two notes by plaintiff, with evidence of the mortgage and that they were intended as collateral security, was sufficient of itself to establish *prima facie* that they were given for a valuable consideration; and the prior indebtedness is presumed to be at least equal to the face of the notes, in the absence of any proof to the contrary. (*Martin v. Lee County State Bank* (Tex. Civ. App.), 265 S. W. 1057; *McDaniel v. Bank of Bethlehem*, 22 Ga. App. 223, 95 S. E. 724; *Morrison v. Citizens' & Southern Bank*, 19 Ga. App. 434, 91 S. E. 509; *Clydesdale Bank v. Blackshear Mfg. Co.*, 18 Ga. App. 515, 89 S. E. 1051; *Hancock v. Empire Cotton Oil Co.*, 17 Ga. App. 170, 86 S. E. 434; *Linderman v. Atkins*, 143 Ga. 366, 85 S. E. 101; *Atlas Bank v. Doyle*, 9 R. I. 76, 11 Am. Rep. 219.)

This being an action to collect on the collateral security, and the prior existing indebtedness being established, it was not material that it consisted of an advancement of the $34,532.71, found by the court, complained of. This was an action to collect the collateral security, and compel foreclosure for that purpose. The notes proved the amount, and it was not necessary, in the state of the pleadings or proof, to find as to the total due from defendant Gemmell to plaintiff in excess of that amount. Appellants are correct in contending that the evidence does not support the finding that "plaintiff advanced to the defendants certain additional moneys to the approximate amount of $34,532.71," or that the chattel mortgage held by plaintiff, given by Gemmell, was ever foreclosed, or that "the proceeds of any note to be delivered to Webb & Company were to be transferred to or paid to the plaintiff"; but what has been said above as to the evidence and material issues makes these findings immaterial in themselves, and answers appellants' contention. The findings were not material and could not have injured appellants, nor does the absence of that proof require reversal of the judgment.

Appellants contend that the evidence is insufficient to establish "that at the time the four $25,000 notes and mortgage were executed and delivered to E. Curtis Warren, there was any agreement touching the plaintiff." The mortgage and the evidence of Warren and Gemmell, that the two notes were delivered to plaintiff, sufficiently meet this contention.

Appellants' further contention that the evidence is insufficient to sustain the finding "that the note delivered to the Burley bank was intended for Webb & Company, or that it was delivered to the Burley Bank by Warren, in violation of his obligation as trustee," or "that the assignment of the mortgage made, executed and delivered by Warren to the Burley bank, was without authority or in violation of his duties as mortgagee," may well be discussed with their assignments of error that "the findings of fact and judgment of the court are contrary to the evidence." They contend that the evidence "clearly shows" that, prior to the execution and delivery of the mortgage for $100,000, the Burley bank was holding a $50,000 mortgage on the same land as security for the payment of the indebtedness of defendant Gemmell to the Burley bank; that the $100,000 mortgage was executed and delivered to Warren for the purpose of taking the place of the $50,000 mortgage on the same land, and giving to defendant Gemmell some additional notes with which to secure other creditors; that the $25,000 note was indorsed and delivered to the Burley bank as security for the payment of the indebtedness of Gemmell to that bank; and that the indebtedness evidenced by the Gemmell notes held by the intervenors was the same indebtedness secured by the $25,000 note indorsed and delivered to the Burley bank, which notes had been indorsed and delivered to the intervenors.

The intervenors contend that possession of the note by the bank was *prima facie* evidence of lawful delivery and ownership. This is true in the absence of proof to the contrary, or of proof of the actual facts. The presumption may be overcome by the facts, and the effect of the holding of the court was that it had been so overcome.

Gemmell's testimony was contradictory. Warren's evidence was not direct and unequivocal. Upon this phase, it is sufficient to say that the lower court found against the appellants. The evidence of appellants adduced from the testimony of the witnesses Warren and Gemmell, two defaulting defendants, tends to establish these facts, but the plaintiff, by cross-examination of these two witnesses, and by producing impeachment evidence of their contrary statements made at other times, may, in the mind of the trial court, have wholly succeeded in impeaching this testimony. Both Warren and Gemmell were shown to have made statements during the bankruptcy proceedings which, if true, would be sufficient to refute any evidence of the delivery of this note to the Burley bank. This evidence, while it does not prove the facts shown by the impeachment evidence, may well have had the effect of totally destroying the affirmative evidence given by the witnesses for the intervenors. Thus, the intervenors' proof of facts cannot be said to be sufficient to sustain their contentions that the findings are contrary to the evidence. There was evidence to support the finding that this note was intended for Webb & Company, and a finding of that fact is but to negative delivery to the bank, which is also directly found as contrary to Warren's authority.

Appellants allege certain errors in the admission of evidence on the examination of defendant Gemmell, called by plaintiff for cross-examination under C. S., sec. 8035. Such examination is largely in the discretion of the trial court. As to the refusal to permit intervenors to examine the witness at that time on certain questions: The intervenors had called Gemmell before as their witness, and might then have exercised the same privilege of cross-examination. The facts they sought to adduce were more related to their main case. In any event, they could have called him later, which they did not seek to do. We cannot say that the court abused its discretion in the matter, nor was any injury done the intervenors. The same is true as to the rulings of the court on answers of the witness, over objection of intervenors, as to the wool covered by the chattel mortgage. These rulings did

not affect any substantial right of intervenors.   (C. S., sec. 6728.)

The judgment is affirmed.   Costs to respondents.

William A. Lee, C. J., and Wm. E. Lee and Givens, JJ., concur.

Budge, J., deeming himself disqualified, took no part in the decision.