(April 29, 1922.)

ELIZABETH S. CLARK et al:, Respondents, v. C. V. HANSEN, Appellant.

[206 Pac. 808.]

WATER AND WATER RIGHTS—PERMITS—CANCELATION OF—DIVERSION OF WATER.

1. Where the holders of subsequent permits instituted proceedings before the state engineer for the cancelation of a prior permit, on the ground that one-fifth of the work of construction had not been completed within one-half of the period of time allowed for the completion of the entire work, and upon the refusal of the state engineer to cancel the permit, brought an action in the district court, within the time allowed by law, for the cancelation of the same on the same grounds, and the evidence is sufficient to justify the trial court in finding that the work of construction had not been done within the time limited by the permit and by the statute, the contestants are entitled to a judgment canceling the prior permit.

2. Where a permit is issued for the enlargement or extension of existing works, the person to whom such permit is granted must complete one-fifth of such extension or enlargement within one-half of the time granted for the completion of the work and cannot claim credit for the construction already done at the time the permit was issued.

3. Persons diverting water from a stream for the irrigation of arid lands must construct their ditches in such manner that there will be the least possible waste of water therefrom. In offering evidence as to the duty of water, the inquiry is properly directed to the amount of water necessary to be diverted from

the stream in order to properly irrigate the land, and the question of the reasonableness or unreasonableness of the loss from the ditch through seepage and evaporation is a proper subject for inquiry.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. Charles P. McCarthy, Presiding Judge.

Action for adjudication of water rights. Order denying motion for new trial conditionally reversed.

J. M. Stevens, Hawley & Hawley and H. E. Ray, for Appellant.

Having acquired this water by appropriation and purchase, it could be lost only by abandonment, and in this case abandonment has neither been pleaded nor has there been one word of testimony upon the subject of abandonment of the rights by appropriation and purchase. Abandonment is an affirmative action and must be pleaded and proven. (*Utt v. Frey,* 106 Cal. 392, 39 Pac. 807.)

"Where the appropriator continues in the use of his rights without any unreasonable voluntary cessation an abandonment will not be proven against him." (*Nichols v. McIntosh,* 19 Colo. 22, 34 Pac. 278.)

"There must be a manifest intention on his part to abandon his right, this intention to be determined from his declarations and acts in relation thereto." (*Hindman v. Rizor,* 21 Or. 112, 27 Pac. 13; *Parsons v. Fort Morgan Res. & Irr. Co.,* 56 Colo. 146, 136 Pac. 1024; Long on Irrigation, 2d ed., p. 336, and cases there cited.)

"Mere nonuser is not in itself abandonment." (*Ada County Farmers' Irr. Co. v. Farmers' Canal Co.,* 5 Ida. 793, 51 Pac. 990, 40 L. R. A. 485; Long on Irrigation, 2d ed., 336, and cases there cited.)

"The intention to abandon and nonuser must concur to work a forfeiture." (*Edgemont Improvement Co. v. N. S. Tubbs Sheep Co.,* 22 S. D. 142, 115 N. W. 1130.)

Holden & Holden, for Respondents.

Where an action is tried to the court without a jury and the evidence is conflicting, but there is substantial evidence in support of the findings of the court, such findings will not be disturbed by the appellate court on appeal. (*Western Moline Plow Co. v. Caldwell,* 18 Ida. 463, 110 Pac. 533; *Hemphill v. Moy,* 31 Ida. 66, 169 Pac. 288; *Salisbury v. Spofford,* 22 1da. 393, 126 Pac. 400; *Brinton v. Steele,* 23 Ida. 615, 131 Pac. 662.)

The findings of the court on questions of fact will not be disturbed where there is some competent evidence to support them. (*Wolf v. Eagleson,* 29 Ida. 177, 157 Pac. 1122; *Brown v. Grubb,* 23 Ida. 537, 130 Pac. 1073.)

The granting by the state engineer of a permit for the right to use the waters of a stream, in and of itself, secures to the applicant no right to the use of such water, unless there be a substantial compliance with every provision of the statute affecting the issuance of such permit and a fulfilment of the conditions of the permit. (*Washington State Sugar Co. v. Goodrich,* 27 Ida. 26, 147 Pac. 1073.)

It is the policy of the laws of this state to require the highest and greatest possible duty from the waters of the state in the interest of agriculture and other useful and beneficial purposes. (*Farmers' Co-operative Ditch Co. v. Riverside Irr. Dist.,* 16 Ida. 525, 102 Pac. 481.)

RICE, C. J.—This action was brought for the purpose of obtaining an adjudication as to the respective rights of appellant and respondents to the use of the waters of Cedar Creek, in Custer county.

Appellant sets out as a basis for his claim that he is the owner of 525 acres of agricultural lands, arid in character, and requiring the use of water for the irrigation thereof; that between the years 1889 and 1901, he and his predecessors in interest had appropriated, diverted and beneficially used in irrigation of his land water amounting to 7,025 inches, measured under a four-inch pressure, or 140.5 second-

feet. Appellant further alleges that on May 31, 1906, the state engineer of the state of Idaho issued to him permit No. 2020, authorizing him to construct certain irrigation works and to divert thereby thirty second-feet of the waters of Cedar Creek for the irrigation of 1,485 acres of land described in said permit; that he has fully complied with the terms and conditions of the permit, so as to entitle him to divert and use thirty second-feet under said permit, with priority as of the date thereof.

Respondents claim under various permits issued to them by the state engineer at various dates subsequent to the date of appellant's permit No. 2020. They allege that certain of the respondents, prior to May 31, 1911, filed with the state engineer a petition for the cancelation of permit No. 2020, upon the ground that one-fifth of the work provided for in said permit was not done by November 30, 1908, as required by said permit, and also upon the ground that appellant had wholly abandoned his right under permit No. 2020; that upon the hearing the state engineer refused to cancel the permit and this action was begun within ninety days thereafter. Respondents seek by this action to obtain a judgment of the court canceling permit No. 2020, upon the same grounds presented to the state engineer.

The court found that appellant did not "construct or complete the irrigation works or ditch mentioned and described in said permit No. 2020, according to the terms or conditions, or provisions, of said permit, or according to or in compliance with or as required by the law of this state applicable to such permit, and that defendant did not acquire and has not acquired the right to use for any purpose any of the waters of said creek under or by virtue of said permit." The judgment decreed to appellant the right to the use of 4.1 second-feet of the waters of Cedar Creek, based upon actual diversion and application to a beneficial use, which right is prior in time and superior in right to any decreed to respondents. Respondents were adjudged to have the right to the use of the waters of Cedar Creek in accordance with their various permits. The remaining

rights awarded to appellant were of a date subsequent to the rights decreed to respondents.

The appeal is from the order of the court denying a new trial.

Appellant makes thirteen specifications of error. Aside from those hereafter considered, they all relate to the sufficiency of the evidence to support the findings of the court. It is sufficient to say that in all matters referred to, there was substantial evidence to support the findings and they will therefore not be disturbed.

Appellant insists that the court erred in making its finding that he did not construct or complete the irrigation works or ditch mentioned in permit No. 2020 in accordance with the provisions of the permit or in compliance with the statutes of the state.

The law in force at the time the permit was issued is found in Sess. Laws 1905, page 357 et seq. The law contains the following provision: "In his indorsement of approval on any application, the state engineer shall require that actual construction work shall be completed within a period of five years from date of such approval, and that one-fifth of such work of construction shall be done within one-half the period of time allowed for the completion of such works."

And further provides: "The holder of any permit who shall fail to comply with the provisions of this section within the time or times specified, shall be deemed to have abandoned all right under his permit."

At the time the permit was granted, about two miles of canal was constructed and was to become a portion of the completed works under the permit. Appellant testified that he expended, in two and one-half years, or one-half of the five-year period, about $800 in labor, repairing and enlarging the portion of the ditch which was already completed. The evidence showed that no serious attempt at construction was begun until April, 1911. Appellant testified that the new portion of the work was completed at a cost to him of something over $21,000. It is clear that

the evidence showed that one-fifth of the new construction was not performed within two and one-half years after the issuance of the permit.

At the time respondents instituted the contest before the state engineer for the cancelation of permit No. 2020, the law governing the procedure in such cases is found in Sess. Laws 1909, page 299. It would appear from the showing made in this case that respondents were entitled to a cancelation of the permit on account of the failure of appellant to complete one-fifth of the work of construction within one-half of the period allowed for the completion of the entire work, unless appellant was entitled to credit for the portion of the ditch already constructed when the permit was issued. In the cases of *Joyce v. Rubin*, 23 Ida. 296, 130 Pac. 793, and *Newport Water Co. v. Kellogg*, 31 Ida. 574, 174 Pac. 602, it was held that one who had obtained a water right for the diversion and application of water to a beneficial use did not waive his priority or his right by subsequently posting a notice or applying for a permit and perfecting a record in the office of the state engineer. The law in force at the time the permit was issued, however (Sess. Laws 1903, p. 223), contained the following provision: "Whenever it shall be desired to enlarge or extend existing works, or complete works not completed on the date set for such completion, all applications for a permit to make such enlargement, extension or completion shall be filed with the state engineer, the same as for original construction, and the priority of all rights resulting from such enlargement, extension or completion shall relate to such application."

This provision of the statute is still the law, and is found in C. S., sec. 5575. While, therefore, one does not waive his pre-existing rights by applying to the state engineer for a permit to enlarge or extend existing works, under the statute the permit must be issued for the enlargement or extension and fix the time for the completion thereof. Under this statute, one to whom a permit for extension or enlargement is issued must complete one-fifth of such extension or enlargement within one-half of the time granted

for the completion of the works, and cannot claim credit for the construction already done at the time the permit was issued.

Under the statutes above quoted, the evidence adduced at the trial was sufficient to sustain the finding that appellant failed to construct the works in compliance with permit No. 2020 or with the statutes in force at the time.

It is contended further that the court erred in failing to find on the water rights acquired by purchase from the various parties as shown by the record. There was no testimony in the record showing that the predecessors in interest of appellant had applied any of the water which they purported to sell to him to a beneficial use. As there was no evidence upon which to predicate a finding, the failure to find specifically upon those points was not prejudicial to appellant.

Appellant also contends that the court erred in providing that the amount decreed to him should be measured at the point of diversion from the creek, claiming that due to the fact that the soil is porous a large amount of the water diverted would be lost before it reached his land. The court found that on a certain day about ninety per cent of the water diverted was lost in the first two miles of the ditch. It would be against public policy to permit any such waste. In the case of *Bennett v. Nourse,* 22 Ida. 249, 125 Pac. 1038, a similar contention is made, but the court said: "We are not disposed to change the finding of the court on this point, for it stands every water user in hand to construct his ditch so that there will be the least possible waste of water, and no doubt by either piping or cementing portions of the ditch where the greatest waste occurs, Bennett can save much of his water." In offering evidence as to the duty of water, the inquiry is properly directed to the amount of water necessary to be diverted from the stream in order to properly irrigate the land, and the question of the reasonableness or unreasonableness of the loss from the ditch through seepage and evaporation is a proper subject for inquiry.

In this case, however, there was not sufficient evidence introduced to enable the court to make any reasonable or proper allowance for seepage and evaporation. The matter was called to the attention of the court in the motion for a new trial. Since the decree does not relate simply to past transactions, but establishes the rights of the parties to divert water from the stream for future years, it becomes a matter of great importance. We think, in order that appellant may not be deprived of a substantial right, a new trial should be granted, provided appellant consents that it shall be for the purpose only of permitting him to present evidence as to the reasonable loss in conducting his water from the point of diversion to the place of use. The reasonableness of the amount is not to be determined solely by the character of the soil through which the ditch runs, but should be such an amount as would be a reasonable loss from a ditch well constructed and supplied with flumes, or other lining, where the character of the soil is such that the loss is materially greater than it would be in ordinary ground.

The cause is remanded, with directions to the trial court to grant a new trial for the purpose above indicated in case appellant consents thereto, the additional evidence to be presented within a reasonable time to be fixed by the court, and if not so presented the judgment as entered will be affirmed. No costs awarded.

Dunn, J., and Reddoch, Dist. J., concur.

McCarthy, J., having presided at the trial in the court below, took no part in the opinion.