HATCHER & COMPANY vs. THE INDEPENDENCE NATIONAL BANK OF PHILADELPHIA.

1. Where several suits were brought upon promissory notes by the same plaintiff against the same defendants, and the defences made were common to all of the suits, they could be consolidated on the motion of the plaintiff over the objection of the defendants, subject to the payment of the accrued costs by the plaintiff in all the cases except one.

2. If notes were sued on by one who took them as collateral security, and the defendant had a valid defence against the original payee, the holder could recover no more than the amount of the debt which the collateral secured. Therefore it was error to strike pleas which alleged that the plaintiffs took the notes sued on as collateral security for an indebtedness of the payee, all of which had been paid off except a stated amount, the defendants having filed other pleas setting up a good defence as against the original payee.

3. It appears from the record that one of the notes sued on and included in the judgment in this case (that of W. E. Boler, payable to the order of the Taylor Manufacturing Company, for $325 and interest) was never endorsed or assigned by the payee to the plaintiff; nor does any right of the plaintiff to recover thereon appear. It was therefore error to direct the jury to find for the plaintiff the full amount of the note sued on.

February 6, 1888.

Actions. Consolidation. Costs. Practice in Superior Court. Promissory Notes. Pleadings. Charge of Court. Before Judge HARRIS. City Court of Macon. June Term, 1887.

Reported in the decision.

HILL & HARRIS; LYON & ESTES, for plaintiffs in error.

LANIER & ANDERSON, for defendant.

SIMMONS, Justice.

The defendant in error brought seven suits in the city court of Macon, against Hatcher & Co., upon eight promissory notes, aggregating $2,388.60. Before the trial of the case in the court below, the judge, on motion of the plaintiff, and over the objection of the defendants, passed an order consolidating the seven suits into one. The defendants filed several pleas to said suits, numbered one to seven inclusive. The pleas from one to five inclusive set up a defense to these notes as against the Taylor Manufacturing Company, alleging that the Taylor Manufacturing Company, by reason of its failure to carry out certain contracts mentioned in said pleas, had damaged the defendants $15,000. The sixth and seventh pleas alleged that the Taylor Manufacturing Company had deposited these notes with the plaintiff, as collateral security to secure a certain debt owed by the Taylor Manufacturing Company to the plaintiff, and that said debt for which these notes were deposited as collateral had been paid off and discharged by the Taylor Manufacturing Company at the time these pleas were filed, with the exception of $709, and that the plaintiff, the Independence National Bank, could not and ought not to recover from the defendants more than the said sum of $709. On motion of counsel for the plaintiffs, these pleas, numbers six and seven, were stricken by the court. The court then directed the jury to return a verdict for the principal and interest on all of the notes. The defendants thereupon filed their bill of exceptions, alleging error in the order consolidating the cases and striking the pleas, and in directing the jury to

find a verdict for the full amount apparently due on the notes set out in the several declarations, consolidated into one suit; to which verdict, so directed, the defendants excepted and assigned error thereon.

1. One of the grounds insisted on here was, that the court erred in consolidating these cases over objection of the defendants. This point was ruled upon in another case against the same defendants, (*Hatcher & Co. vs. National Bank of Chambersburg*,) decided at this term; and we make the same ruling in this case. *Ante*, 542.

2. Another error insisted upon is the striking of pleas six and seven, above alluded to. In this case, the defendants had filed pleas which set up a good defence against the Taylor Manufacturing Company, the payee in the notes. The pleas stricken allege that the debt which these notes were given as collateral to secure, had been paid off, with the exception of $704, and asked that the plaintiff be allowed to recover only this sum; which the court refused, and struck the pleas. We think this was error. "When it appears that the bill or note was acquired by the holder as collateral security for a debt, and he is deemed entitled to recover upon it, he is still limited to the amount of the debt which it secures, if there be a valid defence against his transferrer, being regarded as at all events a *bona fide* holder, and entitled to stand upon a better footing only *pro tanto.*" Daniel on Negotiable Instruments, §832(a). "If the paper be subject to equities in favor of the maker against the original payee, the holder can recover in a suit upon it no more than the principal debt actually due him." Jones on Pledges, §675; Roche *vs.* Ladd, 1 Allen (Mass.), 436; Williams *vs.* Cheney, 3 Gray (Mass.), 215; Stoddard *vs.* Kimball, 6 Cush. (Mass.) 469; s. c. 4 *Id.* 604; Valette *vs.* Mason, 1 Ind. 288; Lacroix *vs.* Derbigny, 18 La. An. 27; Fisher *vs.* Fisher, 98 Mass. 303; Williams *vs.* Smith, 2 Hill, 301.

3. It appears from the record that one of the notes sued on and included in the judgment in this case, to-wit, the

note of W. E. Boler, payable to the order of the Taylor Manufacturing Company, for $325 and interest, was never endorsed or assigned by said payee to the plaintiff. So far as appears from the copy of the note set out in the record, the plaintiff had no title thereto and no right to recover against the defendant the amount thereof; and the court committed error in directing the jury to find for the plaintiff the full amount of all the notes sued on.

Judgment reversed.