<div style="float:right">89  181<br>103  800</div>

## LASTER *v.* STEWART & COMPANY.

1. One to whom a negotiable promissory note, executed by a married woman together with a mortgage upon her property made to secure the same, is transferred before maturity to secure a definite part of a *bona fide* debt, is not affected by the fact that the note and mortgage were given originally to pay or secure a debt of the maker's husband, the transferee having acquired his title without notice of this infirmity. His protection, however, does not extend beyond the amount for which the note and mortgage were pledged to him. He can foreclose the mortgage for that amount as against a defence which affects the payee of the note, but not the transferee. He can foreclose it for the whole amount due on the note only in case no defence good against the payee is established.
2. The verdict for plaintiffs, as amended by the order of the judge requiring a portion of the recovery to be written off, was amply sustained by the evidence; and if there were any errors in the charge of the court, they resulted in no injury to the defendant.

*Judgment affirmed.*

March 31, 1892. By two Justices. Argued at the last term.

Promissory note. Mortgage. *Bona fide* purchaser. Husband and wife. Verdict. Before Judge BOYNTON. Henry superior court. April term, 1891.

A mortgage on personalty from Mrs. Laster to Norman & Son was foreclosed by Stewart & Co. as transferees, and Mrs. Laster interposed her affidavit of illegality on the following grounds : (1) The mortgage was made to secure the payment of a debt already contracted and owing by her husband, J. P. Laster, to Norman & Son, and at the time the mortgage was given she did not owe the mortgagees anything whatever, and does not now owe anything upon the mortgage. (2) At the time of the execution of the mortgage Norman & Son were to let her husband have $150, which amount was never received by her husband, and therefore the consideration of the mortgage has failed in that sum, and said sum is not now due by her to the plaintiffs. (3) The mortgage was deposited with Stewart & Co. for the purpose of securing the payment of the sum of $134.54, and Stewart & Co. have no right to enforce the mortgage for more than that amount. (4) The mortgage was transferred to Stewart & Co. to secure the payment of her husband's debt with Stewart & Co., which debt has been fully paid off and discharged ; and Stewart & Co. are not innocent purchasers without notice.

The sum named in the mortgage to secure which it was made, is $250 with interest at eight per cent. after maturity, and ten per cent. attorney's·fees. It is dated November 21, 1887, and due October 1st after date. On it is a receipt for $23 dated November 30, 1887. It was foreclosed for $227 principal, $3.75 interest to date of foreclosure, December 19, 1888, and $23 attorneys' fees, besides further interest at eight per cent. It also bears an entry of transfer to Stewart & Co., May 21, 1888, signed by Norman & Son. It shows also the following entry written in pencil and attempted to be rubbed off, but still distinct enough to be read : "This note was left as collateral to a $134.54 account of J. P. Laster, assured by H. J. Collins and included in his note of $188.70,

this May the 21st, 1888." The testimony at the trial
was conflicting.   On April 23, 1891, the jury found for
the plaintiffs $227 principal and $45.40 interest.   The
court denied a new trial on condition that the plaintiffs
write off $74.93 from the principal and the interest of
said sum from date of maturity.   This condition having
been complied with, the defendant excepted to the over-
ruling of the motion, alleging that the errors therein
complained of could not be met by writing off any part
of the verdict and judgment, but if so, the verdict should
have been written off to $59.   The grounds of the mo-
tion, besides those alleging that the verdict was contrary
to law and evidence, are that the court erred in charg-
ing the jury as follows :

"If Mrs. Laster made an arrangement to secure credit
with W. P. Norman & Son and gave her note for the
payment of the goods purchased from them on her
credit, she would be liable therefor.   If she gave her
note to W. P. Norman & Son and deposited it with them
or permitted her husband to buy goods on the faith of
her note deposited previously to purchase the goods,
then it would be an original undertaking on her part
for the entire debt, and she would be liable therefor.   If
she made an arrangement to buy goods, or if she depos-
ited her note for the purpose of purchasing goods and
purchased them herself or allowed her husband to pur-
chase them upon the faith of the note that was deposited
to secure the payment of such purchase, she would be
liable thereon.   But if J P. Laster, her husband, nego-
tiated for credit with W. P. Norman & Son, and the
note was given by Mrs. Laster to pay her husband's
debt, then it would be void as against her in the hands
of W. P. Norman & Son.   If she was the original under-
taker, if the goods were purchased by her upon a note
deposited by her with the view of having the goods
purchased by herself, or by authorizing her husband to

purchase them for her, and she gave a writing in conformity or in renewal of such a note, she would be liable." The errors assigned on the foregoing instruction are, that the evidence failed to show that the goods were sold on her credit; that the evidence showed that the two notes, the foundation of the note sued on, were given for two others given in 1886 and 1887, and both notes given on the same day, February 18, 1887; and that the court should have charged, if either of the notes were given in renewal of account made with or credit given to her husband, then as to the amount of that renewal they should have found for the defendant.

The following instructions were assigned as error generally : "Although the debt may be void between her and W. P. Norman & Son, if it was transferred by W. P. Norman & Son to Thos. D. Stewart & Co. before it was due as collateral security, then T. D. Stewart & Co. would be entitled to recover although the debt may be void as between W. P. Norman & Son and Mrs. Lizzie Laster. If it was her debt, then Thomas D. Stewart & Co. would be entitled to recover whatever is found to be due upon the mortgage."

J. F. WALL and HALL & HAMMOND, for plaintiff in error.

E. J. REAGAN and W. T. DICKEN, by brief, *contra.*