## CENTRAL GEORGIA POWER COMPANY v. PRESTON.

1. There was sufficient evidence to support the verdict.
2. The requests to charge, in so far as they were legal and pertinent, were sufficiently covered by the general charge.
3. While in the trial of cases of this character this court has recognized it as the correct practice for the trial court to instruct the jury that in case their finding should be for the owner of the land in any amount as consequential damages as well as actual damages, they should include both in one lump sum, the fact that the court below departed from this practice and instructed the jury to state the amount of actual damages and consequential damages, in case their finding included both, is not such error as to require the grant of a new trial.
4. The evidence in this case demanded a finding in some amount for consequential damages, and consequently the court did not err in charging the jury as follows: "The form of your verdict will be: 'We the jury assess the value of the property taken at so many dollars, and find so many dollars as consequential damages for property not taken.' You can state the amount in figures or letters."
5. The court did not err in refusing to allow a witness for the movant to answer the following question: "State in what way the company proposes to control this land?" Nor was this testimony rendered admissible by the statement made by counsel for the movant, at the time the question was propounded, to the effect that "the witness, if permitted to answer, would state that it was the intention of the plaintiff company to operate and maintain these lines so as not to injure the defendant's property, and that said land and said lines would not be patrolled by wagons and autos, but same would be patrolled prudently and skillfully."
6. In view of the entire charge, the jury were sufficiently instructed as to the meaning of the expressions "value," "compensation," and "compensatory damages," as used in the charge.

JANUARY 10, 1912.

Condemnation. Before Judge Reagan. Butts superior court. December 28, 1910.

*Walter T. Johnson* and *Greene F. Johnson,* for plaintiff in error.
*C. L. Redman* and *O. M. Duke,* contra.

BECK, J. The Central Georgia Power Company condemned certain lands belonging to W. M. Preston, for the purpose of erecting and maintaining towers and transmission lines on and across the same. From the award of the assessors Preston appealed to a jury in the superior court. To the verdict awarded by the jury the Power Company excepted and moved for a new trial, and upon the court's refusal to grant the same the case was brought here for review.

1. While the jury seem to have accepted as true the very highest estimate made by any witness as to the actual damages resulting from the erection of certain towers and the "clearing up" of a strip across the defendant's tract of land, we can not say that their verdict was unauthorized by evidence and that it is so excessive as to shock the moral sense and show bias and prejudice upon the part of the jury trying the case.

2. The court was requested in writing to give the following charge: "In estimating the value of the land taken by the plaintiff in this case, I charge you that under the law the plaintiff company is entitled to have this land at its fair market cash value, unaffected by the fact that it needs it or desires it. It is not a question of the value of the property to the owner, nor can the value be increased by his unwillingness to sell. On the other hand, the compensation can not be measured by the value of the property to the party condemning it nor by its need of the particular property. The market value of property is the price which it will bring when it is offered for sale by one who desires, but is not obliged to sell it, and is bought by one who desires, but is not obliged to buy it. It is what the property would bring if sold in the market under ordinary circumstances for cash and not on time, and assuming that the owners are willing to sell and the purchaser willing to buy." In the case of *Central Georgia Power Co.* v. *Mays,* 137 *Ga.* 120 (72 S. E. 900), this court, speaking in reference to the rule for fixing the compensation to an owner whose property is taken for a public use, said: "Lewis on Eminent Domain (3d ed.), § 706, well states the rule as follows. ' In estimating the value of property taken for public use, it is the market value of the property which is to be considered. The market value of property is the price which it will bring when it is offered for sale by one who desires, but is not obliged, to sell it, and is bought by one who is under no necessity of having it. In estimating its value, all the capabilities of the property, and all the uses to which it may be applied or for which it is adapted, are to be considered, and not merely the condition it is in at the time and the use to which it is then applied by the owner. . . All the facts as to the condition of the property and its surroundings, its improvements and capabilities, may be shown and considered in estimating its value.' ' Generally speaking,' says the same author, ' the true

rule seems to be to permit the proof of all the varied elements of value; that is, all the facts which the owner would properly and naturally press upon the attention of the buyer to whom he is negotiating a sale, and all other facts which would naturally influence a person of ordinary prudence desiring to purchase. In this estimation the owner is entitled to have the jury informed of all the capabilities of the property, as to the business or use, if any, to which it has been devoted, and of any and every use to which it may reasonably be adapted or applied. And this rule includes the adaptation and value of the property for any legitimate purpose or business, even though it has never been so used, and the owner has no present intention to devote it to such use.'" The request to charge states a part of this rule; but upon a comparison of the written request with the true rule as stated by the text-writer and approved by this court, it will be observed that the request to charge was incomplete, in that it omitted certain very essential elements of the rule as stated in the quotation made by Mr. Justice Hill in the course of his opinion,—it fails to include in the definition of market value, as given, the very material qualification, that, "In estimating its value, all the capabilities of the property, and all the uses to which it may be applied or for which it is adapted, are to be considered, and not merely the condition it is in at the time and the use to which it is then applied by the owner." With this essential principle omitted from the request to charge touching the subject of market value and actual damages, we do not think that the request contained such a complete statement of the law upon the question dealt with as would render the refusal to give it error upon the part of the court.

The other requests to charge, in so far as they were legal and pertinent and not of a merely cautionary nature, were sufficiently covered by the general charge.

3-5. The rulings made in headnotes 3, 4, and 5 require no discussion.

6. In one ground of the motion for a new trial it is complained that the court erred "in failing to instruct the jury that the plaintiff company was entitled to the property taken at its fair market value, and erred further in nowhere giving in charge to the jury any definition of what constituted market value in the eyes of the law and in contemplation of such condemnation proceedings as the

jury were then and there trying." While the court did not use
the expression "market value," in his instructions to the jury
in discussing the amount of compensation to be allowed to the land-
owner, he did instruct the jury that "Damages which the law al-
lows to be assessed in favor of a'landowner whose property has
been taken or damaged under the right of eminent domain are
purely compensatory. No remote, fanciful, or speculative damages
can be allowed; but only such damages as are the necessary and
connected effect of the company's act in taking this land and using
it for its purposes. . . You ascertain from the evidence in the
case what is the value of the property taken by this company, used
for its purposes; and then the value of the crops destroyed, if any
were destroyed or injured, and the value of the timber or trees
cut or injured, if any, or destroyed, if that has been shown, and the
reasonable value of the same, he would be entitled to recover that
in addition to the actual value of the land taken." We are of the
opinion that in view of these portions of the charge, in the absence
of a pertinent and apt written request to charge that actual value
was the market value of the property, it was not error for the court
not to further instruct the jury as to the meaning of the terms
"value," "compensation," and "compensatory damages," as used
by him in his charge.

*Judgment affirmed. All the Justices concur, except Hill, J., not
presiding.*