## LINDERMAN *v.* ATKINS.

ATKINSON, J. 1. Where a person executed a negotiable promissory note and a deed to land to secure the debt, and received a bond for reconveyance of the land upon payment of the debt, the consideration of the note being the promise of the payee to make a certain advancement in money and to pay off certain indebtedness of the son of the maker, and the note was indorsed in blank and delivered to a third person, the mere facts that the transferee of the note was a banker in a town and knew the payee as a customer in the bank, and, after the note fell due, instituted suit thereon against the maker after his son had died, without joining the indorser as a party defendant, and had not taken a formal transfer of the land conveyed as security, would not of themselves be sufficient to charge notice to the transferee of any failure of consideration of the note by reason of the failure of the payee to advance the agreed amount of money or pay off the debts of the son; nor would such facts be sufficient to put the transferee upon inquiry as to any such failure of consideration.

2. A transferee of a negotiable promissory note, who received the note from the payee before maturity, as collateral security for a pre-existing debt, without notice of any equities existing between the maker and the payee, is a bona fide holder for value in the due course of trade. *Kaiser v. U. S. National Bank*, 99 *Ga.* 258 (25 S. E. 620) ; *Harrell v. National Bank of Commerce*, 128 *Ga.* 504 (57 S. E. 869).

3. Where such a holder of a negotiable promissory note, who has received it from the payee merely as collateral security, sues the maker of such note, if the maker has a valid defense against the original payee, he can by appropriate plea set up such defense; and if it be sustained, the holder can recover no more than the debt which the collateral secured. *Hatcher v. Independence National Bank of Philadelphia*, 79 *Ga.* 547 (5 S. E. 111) ; *Laster v. Stewart*, 89 *Ga.* 181 (15 S. E. 42). But in such a suit the presumption is that the secured debt is sufficient to consume the collateral, and the onus of pleading and proving a less amount

and the maker's equity against the original payee is on the defendant. Daniel on Negotiable Instruments, § 832 (a); Duncan & Sherman v. Gilbert, 29 N. J. L. (5 Dutch.) 527.

4. The evidence demanded the verdict for the plaintiff, and there was no error in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

APRIL 17, 1915.

Complaint. Before Judge Brand. Banks superior court. January 8, 1914.

*R. L. J. & S. J. Smith* and *John J. & Roy M. Strickland,* for plaintiff in error. *P. Cooley,* contra.