6894. CLYDESDALE BANK *v.* BLACKSHEAR MANUFACTURING Co.

WADE, C. J. 1. There was evidence to support the inference that the collateral note sued upon was deposited with or transferred to the plaintiff to secure a particular loan or debt, and not as security for a general balance or any other demands in favor of the transferee and against the party transferring or depositing the note. "Where securities are pledged to a bank to secure the payment of a particular loan or debt, the bank has no lien on them to secure the payment of a general balance due to it from the pledgor, nor for the payment of any other claim or indebtedness than the one for which they were specifically pledged." 3 R. C. L. 584, § 214.

2. "Where such a holder of a negotiable promissory note, who has received it from the payee merely as collateral security, sues the maker of such note, if the maker has a valid defense against the original payee he can by appropriate plea set up such defense; and if it be sustained, the holder can recover no more than the debt which the

collateral secured. *Hatcher* v. *Independence National Bank of Phila-delphia,* 79 *Ga.* 547 (5 S. E. 111) ; *Laster* v. *Stewart,* 89 *Ga.* 181 (15 S. E. 42). But in such a suit the presumption is that the secured debt is sufficient to consume the collateral, and the onus of pleading and proving a less amount and the maker's equity against the original payee is on the defendant. Daniel on Negotiable Instruments, § 832 (a) ; Duncan & Sherman *v.* Gilbert, 29 N. J. L. (5 Dutch) 527." *Linder-man* v. *Atkins,* 143 *Ga.* 366 (3) (85 S. E. 101). See also *Hancock* v. *Empire Cotton Oil Co.,* 17 *Ga. App.* 170 (86 S. E. 434).

(*a*) After allowing the reduction on the note, claimed by the defendant on account of an alleged failure of consideration, there was evidence from which the jury could find that the remaining unpaid balance of the indebtedness specifically secured by this note was less than the amount of the recovery in favor of the transferee holding the note as collateral; and the onus of pleading and proving that a less amount than the amount of the verdict rendered in favor of the transferee was due by the original payee to such transferee was sufficiently carried.

3. The 4th, 5th, 7th, 8th, and 9th grounds of the motion for a new trial amount merely to an amplification of the general grounds of the motion, and, since there was evidence to support the verdict, they are without merit.

4. It appears from the recitals in the 6th ground of the amendment to the motion for a new trial that the evidence upon the admission of which error is therein assigned was not objected to when offered at the trial; and therefore this ground of the motion can not be considered.

5. There is no assignment of error upon the charge of the court or upon the admission of any testimony except as referred to in paragraph 4 of this decision. The court did not err in overruling the motion for a new trial.                                    *Judgment affirmed.*

DECIDED SEPTEMBER 15, 1916.

Complaint; from city court of Blackshear—Judge Mitchell. August 19, 1915.

*J. L. Sweat,* for plaintiff.

*Memory & Memory, Wilson & Bennett,* for defendant.