### 8742. SMITH et al. v. DOWNING COMPANY.

LUKE, J. 1. This case arose as a proceeding under the Civil Code of 1910, § 3276 et seq., to foreclose a mortgage on realty. The case was carried to the Supreme Court by writ of error dated March 26, 1917, but on April 12, 1917, the Supreme Court ordered that the case be transferred to this court. In so transferring the case, the Supreme Court necessarily held that this court had jurisdiction of such a case.

2. In a statutory proceeding to foreclose a mortgage on realty, the only "process" that is necessary is the rule nisi prescribed by the statute, and the only prayer for process that is necessary is a prayer for such a rule.

3. Where the plaintiff seeks a judgment in rem, and not a judgment in personam, service by publication, in accordance with the terms of the statute, is no less effective than personal service. Civil Code (1910), §§ 3276, 5554 (3); Roller v. Holly, 176 U. S. 399 (20 Sup. Ct. 410, 44 L. ed. 520).

4. Where service by publication has been properly perfected, the fact may be determined and entered on the record at any time before the trial of the case. Civil Code (1910), § 5558.

5. A promissory note payable to a partnership may be transferred upon the individual indorsement of all the copartners, without any indorsement in the firm name, as well as in the firm name by any one or more of the partners having authority so to do. Civil Code (1910), §§ 3156, 3175, 3180.

6. The note and the mortgage given to secure it appear upon the same paper. At the end of the note are the words, "Witness our hands and seals." On the same line is the signature of one of the makers, followed by the word "Seal." Under that is the signature of the other maker similarly followed. To the left of the signatures of the makers and directly under the words first above quoted appear simply signatures of the two other persons. The mortgage ends in the same form and with the same signatures as the note, except that the signatures other than those of the makers clearly appear as subscribing witnesses, being there preceded by the words, "Signed in presence of," and one of them being followed by letters indicative of his official character. The defendants contend that neither the note nor the mortgage is a sealed instrument, and that the action thereon is barred by the statute of limitations, because not commenced within six years after the maturity of the note. *Held:*

(a) The note and the mortgage given to secure it, being written upon the

same paper and executed at the same time, must be construed as constituting but one contract. · Civil Code (1910), §§ 4266, 4268 (1).

(*b*) The signatures to the note that were made by the witnesses who attested the mortgage will be construed only as the signatures of attesting witnesses, and as having no more reference to the words "Witness our hands and seals" than to any other part of the note. *Waterman v. Barclay*, 10 *Ga. App.* 108 (72 S. E. 716).

(*c*) Both the note and the mortgage were sealed instruments, under the Civil Code (1910), § 4359, and an action thereon would not be stale until the expiration of twenty years after the right of action accrued. *Humphries* v. *Nix*, 77 *Ga.* 98.

7. A mortgage is not void on its face for want of a sufficient description of the mortgaged property, where the property is described as "one tract of land in the 401st district, G. M., of Tattnall county, Georgia, said tract of land being bounded as follows: on the north, east, and south by F. M. Smith [not a mortgagor]; and on the west by Perry Sikes and Herschel DeLoach [not mortgagors], said tract of land containing one hundred and fifty acres, more or less, and being the same tract of land purchased by [the mortgagors] from Jas. W. Smith and described in a deed of conveyance made by the said Jas. W. Smith, dated on the first day of October, 1903." *Johnson* v. *McKay*, 119 *Ga.* 196 (45 S. E. 992, 100 Am. St. R. 166); *Derrick* v. *Sams*, 98 *Ga.* 397 (25 S. E. 509, 58 Am. St. R. 309).

(*a*) In such a description the words, "bounded . . by F. M. Smith," will be construed as meaning "bounded by lands of F. M. Smith."

8. Where an indorsee holds notes as collateral security for a debt due from the payee, and there would be a valid defense against them if not indorsed, he can recover no more on them than the amount of the debt for which they are collateral. *Hatcher* v. *Independence Natl. Bank*, 79 *Ga.* 547 (5 S. E. 111); *Linderman* v. *Atkins*, 143 *Ga.* 366 (3) (85 S. E. 101). It was therefore error for the court to exclude evidence offered by the defendants to prove that part of their plea wherein they alleged that the note was executed without consideration in so far as the payee was concerned, and for the sole purpose of enabling the payee to indorse it to the plaintiff as collateral security, and that the debt thus secured had been fully paid.

9. A judgment is not conclusive as to one who was not a party to the proceeding in which it was rendered, nor as to one over whom the court acquired no jurisdiction, even though the latter may be named as a party defendant in the proceeding. Civil Code (1910), § 4336. If the original petition showed a total want of jurisdiction, and there was no attempt to serve the amendment or the amended petition upon the defendant, and no appearance or waiver by him, he was not concluded by the final verdict and judgment rendered without proof, even though the amended petition may have alleged the necessary jurisdictional facts.

10. Grounds of demurrer not covered by the foregoing rulings are without substantial merit.

11. As the other questions raised by the motion for a new trial may not arise on another trial of the case, they are not here decided.

*Judgment reversed. Wade, C. J., and Jenkins, J., concur.*
DECIDED FEBRUARY 7, 1918.

Mortgage foreclosure; from Evans superior court—Judge Sheppard. March 9, 1917.

*W. T. Burkhalter*, for plaintiffs in error.

*C. B. Conyers, W. G. Warnell, B. J. Conyers*, contra.