## WYCHE v. BANK OF CAMPBELL COUNTY *et al.*

GILBERT, J. 1. The holder of a note is presumed to be such bona fide, and for value. Civil Code (1910), § 4288. For collections of cases see 1 Stevens I. D. Ga. 276; 2 Mich. Enc. Dig. Ga. R. Cum. Supp. 835.

2. "The holder of a note as collateral security for a debt stands upon the same footing as the purchaser." Civil Code (1910), § 4289.

3. A transferee of a negotiable promissory note, who received the note from the payee before maturity as collateral security without notice of any equities existing between the maker and the payee, is a bona fide holder for value. Civil Code (1910), § 4286; *Linderman* v. *Atkins*, 143 *Ga.* 366 (2) (85 S. E. 101).

4. "Where such a holder of a negotiable promissory note, who has received it from the payee merely as collateral security, sues the maker of such note, if the maker has a valid defense against the original payee, he can by appropriate plea set up such defense; and if it be sustained, the holder can recover no more than the debt which the collateral secured." *Linderman* v. *Atkins*, supra.

5. Error is assigned on the judgment of the court repelling evidence, as follows: Counsel for defendant Wyche, the latter being sworn as a witness, propounded, on direct examination, the following questions: "Q. After this trade between you and Mr. Cook was made did Mr. Cook visit your home? A. He was at my house on the 4th day of January, 1922. Q. On that visit what did he say, if anything, about whether he still held this note? A. He demanded payment." This evidence, on objection, was held inadmissible. Thereupon counsel for plaintiff in error said, "In order to perfect the record, we want to prove by the witness on the 4th day of January, 1922, Mr. Cook paid him a visit and demanded of him payment of this note. Of course we admit that at the time Cook didn't have the note with him, but we claim that he owned it." It is insisted that the evidence, under the pleadings, was material, relevant, and admissible, and that its rejection by the court was contrary to law. A portion of the evidence appears in the brief of evidence as a part of the evidence in the case. The remainder, to the effect that Cook, the payee, demanded payment of the note after maturity, was a declaration, hearsay in character, and was properly rejected. *Harris* v. *Bank of Little Rock*, 107 *Ga.* 407 (33 S. E. 404).

6. Error is assigned on the judgment of the court repelling evidence, as follows: Counsel for Wyche, the latter being sworn as a witness, propounded, on direct examination, the following questions: "Q. Did you and Mr. Cook make any trade about some land in Campbell County? A. Yes sir. Q. I will get you to state what that trade was." Objection being made by the plaintiff, the following colloquy occurred: "By the court: The note is indorsed in blank? Mr. Culpepper [counsel for plaintiff]: Yes. Mr. Hall [counsel for defendant Wyche]: Yes." *Held*,

Appeal and Error 3 C. J. pp. 825, n. 53; 1371, n. 35.

Bills and Notes 8 C. J. pp. 487, n. 12; 718, n. 12; 982, n. 23; 1060, n. 38.

Evidence 22 C. J. p. 199, n. 36.

Pledges 31 Cyc. p. 889, n. 20.

that this assignment of error is incomplete, in that it does not appear what answer the witness would have made if allowed to answer; and consequently no question is presented for decision. *Wadley Southern Ry. Co.* v. *State,* 137 *Ga.* 497 (7) (73 S. E. 741) ; *Artesian Lithia Water Co.* v. *Central Bank & Trust Corp.,* 138 *Ga.* 618 (75 S. E. 646) ; *Rogers* v. *Condon,* 144 *Ga.* 390 (3) (87 S. E. 397) ; *Featherston* v. *American National Bank,* 146 *Ga.* 13 (90 S. E. 282) ; *Cobb* v. *Coffey,* 149 *Ga.* 264 (99 S. E. 864) ; *Colbert* v. *Pitner,* 157 *Ga.* 690 (5) (122 S. E. 315).

7. Error is assigned on the judgment of the court as follows: "During the trial of the case plaintiff in error offered Mr. Will Tidwell as a witness, for the purpose of proving by him that on January 4, 1922, he was present at a conference between C. C. Wyche and H. W. Cook, and that Cook refused to give Wyche a bond for title to the land he contracted to sell him, and refused to accept Wyche's notes for balance of purchase-money unless Wyche's wife would sign said notes; which testimony the court refused to allow to go to the jury." It is insisted that this ruling was error on the ground that under the pleadings said evidence was material, relevant, and admissible, and that the ruling rejecting the evidence was contrary to law. Under the authorities cited in the next preceding headnote this exception is incomplete and presents no question for decision. It does not appear from the record before us that the trial court was informed what facts the witness would state, nor did counsel state to the court what he expected the witness to say. It is not a compliance with the rule stated above to merely state in the bill of exceptions, "During the trial of the case plaintiff in error offered Mr. Will Tidwell as a witness for the purpose of proving," etc.

8. The evidence was without conflict, and demanded the verdict which was directed by the court.     *Judgment affirmed. All the Justices concur.*

No. 4896. NOVEMBER 17, 1925.

Equitable petition. Before Judge Roop. Meriwether superior court. February 18, 1925.

Wyche executed a promissory note for five thousand dollars, payable to the order of H. W. Cook, dated January 3, 1921, due January 1, 1922, payable at the Bank of Campbell County, Fairburn, Ga. The note bore interest after maturity at eight per cent. per annum, and provided for the payment of attorney's fees in case of its non-payment. The payee, Cook, indorsed the note in blank. After maturity the Bank of Campbell County brought suit against Wyche, the maker, to recover the principal, interest, and attorney's fees. On the trial payment of attorney's fees was waived by the plaintiff. The petition alleged that the bank was "the owner and holder of said $5,000.00 note signed by said C. C. Wyche, having accepted the same as collateral for a note due your petitioner by one H. W. Cook, the payee in said note. And petitioner shows that it became the owner and holder of said note before maturity and without notice of any defense to same, and

owner and holder of said note for value." Wyche answered, admitting the execution of the note, but denying liability to the bank. He caused Cook to be made a party defendant in the suit, the latter consenting thereto, and set up by way of defense that the note was executed and delivered to Cook in part payment of an executory contract for the purchase of land, and that Cook breached the contract, thereby releasing Wyche from his obligation under the note. Wyche also denied that the bank was a bona fide holder of the note before maturity. He alleged that the amount due to the bank on the original note of Cook was much less than the note of Wyche held as collateral security, on which the bank was suing, and by reason of the breach of said executory contract for the sale of land by Cook the latter was in equity bound to restore to defendant all of said note sued on over and above the amount due the bank, and that defendant was entitled to relief as against Cook for all of said note for $5000, in the event the debt of Cook to the bank has been settled; and in the event the same has not been settled, then said Wyche is entitled to the overplus of the note above the debt due by Cook to the bank. Wyche prayed that "the judgment of the court be so molded as to establish the primary liability of said Cook as between him and this defendant on said note, and that this defendant's liability be decreed to be secondary to that of said Cook." He also prayed that "the rights and equities of all parties may be 'determined in this suit." The bank introduced the note in evidence, and also introduced parol evidence to the effect that Cook had transferred the note on October 1, 1921, to the bank as collateral security for a note executed by Cook to the bank for $10,000, and that the bank, at the time of the transfer of the Wyche note had no notice of any of the equities or defenses claimed by Wyche. Wyche testified that he had made with Cook a "trade about some land in Campbell County;" that after this trade Wyche met Cook in the back room of the Bank of Campbell County; that "Mr. Chester Harvey was there, I presume. He was close enough to hear the conversation. He was not over ten feet at the outside from me and Mr. Cook. We talked in a common tone of conversation, like I am talking now." Wyche further testified that in the conversation in the presence of the officer of the bank Mr. Cook "never said at that time whether he honestly owned the note or not, but he made me the proposition

I pay off this note. The first time he demanded the money of me was at my house [January 4, 1922], and not in the Bank of Campbell County. He did not show me the note. After I made the note I never saw it any more until to-day. I did not see it when I was at the Bank of Campbell County. He didn't produce it. Didn't anybody produce it. I was in the Bank of Campbell County after the third day of January, 1922, after this note matured. I saw some of the officers of the bank, and they did not demand payment of me of this note. They did not say a word to me about this note." The court directed a verdict in favor of the plaintiff for the principal sum of the note and interest. Wyche sued out a writ of error to the Court of Appeals, complaining of the direction of the verdict, on the ground that "said direction of said verdict and judgment entered thereon were contrary to law, the court . . should have submitted the case to the jury under proper instruction, for their determination, and the direction of said verdict was error in that it took from the jury the determination of questions which under the evidence were properly for the decision of the jury." He further assigned error on rulings of the court repelling certain evidence offered by him. Pursuant to the ruling of this court the writ of error was transferred by the Court of Appeals to the Supreme Court. *Wyche* v. *Bank of Campbell County,* 160 *Ga.* 258 (127 S. E. 741).

*Hall & Jones* and *J. P. Atkinson,* for plaintiff in error.
*Camp & Parker* and *N. F. Culpepper,* contra.