DUNCAN *et al. v.* COLEMAN.

GILBERT, J.  1. Where error is assigned on a refusal of the court to allow a witness on direct examination to answer a question, and it is not stated what the answer would have been, no point is raised for the consideration of this court.  *McElwaney* v. *MacDiarmid,* 131 *Ga.* 97 (2*a*) (62 S. E. 20); *Wyche* v. *Bank of Campbell County,* 161 *Ga.* 329 (6) (130 S. E. 566), and cit.; *Eliopolo* v. *Eicholz,* 161 *Ga.* 823 (3) (131 S. E. 896).

2. Error is assigned on the rejection of evidence, on the ground that the court erroneously ruled that the evidence offered was a conclusion.  The evidence rejected was the opinion of the witness that the testatrix "did not know the children of her dead sons and daughter."  Opinion evidence

is admissible on the question of mental capacity; but the mere opinion here expressed by the witness is not of such materiality that the ruling thereon would require a reversal, even though it were admissible.

3. On the issue as to whether the verdict is demanded by the evidence the entire court of six Justices are equally divided in opinion, Russell, C. J., Beck, P. J., and Hines, J., being of the opinion that the evidence is not sufficient, and Atkinson, Hill, and Gilbert, JJ., being of the contrary opinion; and the judgment of the trial court is affirmed by operation of law on this question.

*Judgment affirmed. All the Justices concur, except as stated in the third headnote.*

### No. 6478. JULY 12, 1928.

Appeal from probate of will.  Before Judge Wood.  Cobb superior court.  November 18, 1927.

The will of Mrs. M. F. Coleman was probated in common form, and W. A. Coleman, executor, distributed the estate according to the will, which bequeathed all property equally to the six children of testatrix, with the provision that the executor, one of them, be first paid a specified sum in consideration of having furnished testatrix a home.  Certain grandchildren of testatrix called upon the executor to offer the will for probate in solemn form, which he did; and they filed a caveat.  The ordinary probated the will in solemn form, and the caveators appealed.  After the introduction of evidence, the superior court directed a verdict in favor of the propounder, and the caveators excepted upon the grounds that there was an issue of fact for a jury as to whether they had overcome the prima facie case admitted by the caveat, that such action by the court was contrary to law, and that the evidence did not demand said verdict.

*G. B. Walker, Mozley & Gann,* and *H. B. Moss,* for plaintiffs in error.  *Morris, Hawkins & Wallace,* contra.