28864. SUMMERVILLE *v.* THE STATE.

DECIDED APRIL 28, 1941.

*Emmett Smith,* for plaintiff in error.
*Earl Staples, solicitor,* contra.

GARDNER, J. The defendant was convicted of illegally possessing twenty-four pints of "moonshine," tax-unpaid whisky, in Carroll County, Georgia. The defendant moved for a new trial upon the general grounds and on one special ground. As we view the case, a new trial should have been granted because of the error complained of in the special ground. Since a new trial will be granted, we will make no comment upon the general assignments of error. The special assignment sets forth the following complaint: "Movant avers that the following is what took place in the presence of the court and jury, and before the verdict of the jury, between the said solicitor and counsel for movant: While the solicitor was addressing the jury in his concluding argument in the case the following portion of section 38-119 (1015) of the Georgia Code of 1933 was quoted as applicable in the case, to wit: When a party has evidence in his power and within his reach, by which he may repel a claim or charge against him, and omits to produce it,

a presumption arises that the charge or claim is well founded, but this presumption may be rebutted; and argued, in substance, therefrom that because of the fact that the defendant (now movant) had failed to produce his father and brother as witnesses, the presumption arose as a matter of law that the charge against the accused was well founded. When and at the time said argument was made counsel for defendant (now movant) objected to the argument, on the ground that this law quoted was not applicable in criminal cases, and that the argument made and adduced therefrom was prejudicial, improper, and hurtful to the accused. And counsel at said time further stated for movant, 'When we show joint occupancy, your Honor, then it casts the burden upon the State to have these people here, and show whether it was their liquor or not; and we are not responsible for their dereliction in not having them here. So I object to this line of argument, and I ask your Honor for a mistrial. I make a motion that your Honor declare a mistrial in this case.' The court then rendered the following judgment on the motion of your movant's counsel for a mistrial: 'The objection is overruled and the motion for a mistrial is denied.'"

In view of the nature of the circumstantial evidence in this case we are constrained to the opinion that a new trial should be granted because of the error complained of in this special ground. *Williamson* v. *State,* 9 *Ga. App.* 442 (71 S. E. 509); *Mills* v. *State,* 133 *Ga.* 155 (5) (65 S. E. 368); *Whitley* v. *State,* 14 *Ga. App.* 577 (5) (81 S. E. 797); *Long* v. *State,* 126 *Ga.* 109 (54 S. E. 906). The decision under the record in *Worley* v. *State,* 136 *Ga.* 231 (8) (71 S. E. 153), does not hold contrary to the opinion reached in the instant case under its facts. In the case at bar it was alleged in the motion, and certified as correct, that the solicitor was permitted to argue in substance that "because of the fact that the defendant (now movant) had failed to produce his father and brother as witnesses the presumption arose, as a matter of law, that the charge against the accused was well founded." Counsel for the accused objected to the argument and moved for a mistrial, whereupon the judge, without disapproving the argument and without rebuking the solicitor in any way, said: "The objection is overruled, and the motion for a mistrial is denied." In his charge to the jury the judge did not refer to the incident, or to the principle

of law involved and invoked. It is not only possible but very probable that the jury was wrongly impressed that under the facts of this case the duty was upon the defendant to introduce his father and brother as witnesses, in order to overcome the case as then made out by the State. It was perfectly legitimate for the solicitor to argue to the jury that they might draw inferences harmful to the accused on account of the absence of his father and brother as witnesses; but for the solicitor to argue in effect that such absence or failure to swear them as witnesses in behalf of the accused raised a legal presumption of guilt was error.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*