## 34143. HOUSING AUTHORITY OF THE CITY OF DUBLIN *v.* CURRY REALTY COMPANY INC.

GARDNER, P.J. 1. The plaintiff, the Housing Authority of the City of Dublin, is the plaintiff in error here. The defendant, the Curry Realty Company Inc., is the defendant in error here. The proceedings were brought for condemnation of specified real estate. It is concluded that the only issue submitted in the court below and the only question here for determination concerns the value of the property. The jury returned a verdict for $1000 in favor of the defendant. A motion for new trial was duly filed on the general grounds and thereafter four special grounds were added by amendment. The general grounds are not argued and are, therefore, considered abandoned.

Special ground one assigns error upon the admission of testimony as to improvements contemplated by the plaintiff. Special ground two is to the same general effect. Special ground three assigns error upon an excerpt from the charge of the court. Special ground four assigns error upon the failure of the court to charge more specifically as to the law which should govern the jury in arriving at the value of the property involved. All of these grounds are based on the contention that the court illegally admitted, over objection, certain testimony to the effect that the plaintiff intended to improve the property by building houses thereon under the provisions of the act creating the Housing Authority Law (Ga. L. 1937, pp. 210-230—Publisher's Pocket Ed. to Ann. Code of 1933, § 99-1101 et seq.). In support of the contentions in special grounds one and two our attention is called to *Gate City Terminal Co.* v. *Thrower*, 136 *Ga.* 456 (2) (71 S. E. 903); *Georgia Power Co.* v. *Carson*, 46 *Ga. App.* 612 (167 S. E. 902); *Brooks County* v. *Elwell*, 63 *Ga. App.* 308-313 (11 S. E. 2d, 82); *Housing Authority of Augusta* v. *Holloway*, 63 *Ga. App.* 485, 486 (11 S. E. 2d, 418) and *Campbell* v. *Metropolitan State Ry. Co.*, 82 *Ga.* 320 (9 S. E. 1078). It is contended that these authorities sustain the contentions for reversal on special grounds one and two. We do not think so. According to our view, these decisions are contrary to such contentions. There is no authority cited in support of special ground three, and we have been unable to find any.

We think the court correctly charged the law when the charge is taken as a whole. In support of special ground four, regarding the failure of the court to charge, our attention is called to *Gate City Terminal Co.* v. *Thrower*, supra, headnote (4). In support of this contention our attention is also called to *Central Georgia Power Co.* v. *Preston*, 137 *Ga.* 347 (6) (73 C. E. 505). Neither of these decisions supports the contention of special ground four. To the contrary, they support and sustain the verdict in the instant case.

528

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED JULY 16, 1952.

*Dawson Kea, Lester F. Watson,* for plaintiff in error.

*Emory L. Rowland, H. Dale Thompson, Joe W. Rowland,* contra.