### 34373. HOUSING AUTHORITY OF THE CITY OF QUITMAN v. McDONALD et al.

CARLISLE, J. 1. "Where, on the question of the value of the land taken and the consequential damages to the remainder of the lot, the amount of the verdict is within the range of the estimates of the different witnesses, and the amount is approved by the trial judge, this court will not interfere on the ground that the verdict is excessive" (*Savannah, Augusta & Northern Ry. Co.* v. *Williams*, 133 *Ga.* 679, 66 S. E. 942); and where, upon appeal to the superior court from an award of the assessors in a condemnation proceeding, the jury is authorized to find that the value of 3.4 acres condemned and taken from a tract of 116.5 acres was $3400, or $1000 per acre, that the public housing project would decrease the value of the land adjoining the 3.4 acres by one-third, but one-half of the remaining acreage was waste land, the consequential damages of $5400 are still within the range of the estimates made by the witnesses, and this court will not interfere on the ground that the consequential damages awarded are excessive.

2. Where, in a condemnation proceeding such as is indicated above, the trial court, in its charge to the jury, in substantially the language of the statutes, embodies the principles of law governing consequential damages in condemnation proceedings (Code, §§ 36-504—36-506), the court's failure to charge that the measure of the consequential damages is the diminution in the market value of the remainder of the property proximately resulting from the taking of the tract, is, in view of the charge as a whole and the absence of a timely written request so to charge, not such error as to require the grant of a new trial. See *Housing Authority of the City of Dublin* v. *Curry Realty Co.*, 86 *Ga. App.* 527 (71 S. E. 2d, 898).

3. The general grounds of the motion for a new trial, having been neither argued nor generally insisted upon, are treated as abandoned.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 14, 1953.

*William H. Long*, for plaintiff in error.

*S. Spencer Bennet, J. B. Baum*, contra.