37975. JUSTICE *et al.* *v.* STATE HIGHWAY DEPARTMENT.

DECIDED DECEMBER 2, 1959.

*Cook & Palmour, A. Cecil Palmour,* for plaintiffs in error.

*Eugene Cook, Attorney-General, Paul Miller, E. J. Summerour, Assistant Attorneys-General, F. H. Boney,* contra.

QUILLIAN, Judge. ■ Special ground 1 of the amended motion complains of the following charge on consequential damages: "Now, here is how you must decide that. You will temporarily ignore that strip of land which is now missing from the Maddux and Justice tract, because you have already to pay them for that. But look at the two tracts that are left on each side of that strip, and answer this question: Are those two tracts in the shape they are in, with the highway there, are they worth more than they were before there was any highway there, are they worth more now than they were before there was any highway; or are they worth less now than they were before there was any change made in the land?" Counsel for the condemnees insist that the above charge is erroneous and not sound as an abstract principle of law and that it would be an instruction not to consider damages to the property as one parcel, but only to find damages to each separate portion of the remaining property.

The law allows damages to property not actually appropriated in an eminent domain proceeding as consequential damages if such damages are shown. Code §§ 36-504, 36-506; *McArthur* v. *State Highway Dept.,* 85 Ga. App. 500 (69 S. E. 2d 781) ; *Georgia Power Co.* v. *Robertson,* 97 Ga. App. 142 (102 S. E. 2d 510). Applying these rules of law to the above charge, the instruction to the jury to "temporarily ignore the strip of land missing," is to inform the jury that no consequential damages will be allowed for the land actually taken by the condemnor. Thus the only property considered to be consequentially damaged is that property remaining from the portion taken by the State. The second sentence of the above charge concisely points out to the jury the question to be decided — are those two tracts *in the shape they are in,* with the highway there, are they worth more than they were before there was any highway; or are they worth less now than they were before there was any highway? This di-

rects the jury's attention to the consequential damage to the remaining property as a unit even though the land is actually split apart. It clearly defines the remaining property alleged to be damaged. *McArthur* v. *State Highway Dept.*, supra; *Georgia Power Co.* v. *Pharr*, 97 *Ga. App.* 223 (102 S. E. 2d 658).

The trial court did not err in charging the provision of Code § .36-506. This court has approved this section as a charge regarding consequential damages. *State Highway Board* v. *Coleman*, 78 *Ga. App.* 54 (50 S. E. 2d 262); *Housing Authority &c.* v. *McDonald*, 87 *Ga. App.* 392 (74 S. E. 2d 113).

■ ■ Special ground 3 assigns error on the trial court allowing the following oral testimony in response to a question asking what remained to be done, if anything, concerning the drainage at the intersection of the new right-of-way with Hall's Valley Road: "A. A ditch will be cut down the south side of Hall's Valley Road to the creek to take care of the drainage." The record shows that prior to Mr. Byars being called as a witness, Mr. J. L. Hufsteler testified without objection. In response to a question inquiring if anything else is to be done besides paving, Mr. Hufsteler stated, "well, there's a few drainage ditches to be opened." The condemnees can not object later to evidence concerning these drainage ditches if such were relevant. *Carmichael Tile Co.* v. *McClelland*, 213 *Ga.* 656 (100 S. E. 2d 902); *G. Bernd Company* v. *Rahn*, 94 *Ga. App.* 713 (96 S. E. 2d 185); *Farmer* v. *State*, 94 *Ga. App.* 475 (95 S. E. 2d 321).

■ Special ground 3 excepts to the trial court allowing oral testimony as to what remained to be done concerning drainage by the condemnor. Essentially, the objection is that there is an existing contract which sets forth what is to be done by the condemnor and which is the highest and best evidence. Neither in the motion nor in the lengthy record is there any disclosure of the contract. Consequently, how can this court determine whether or not the contract is the best evidence if it is not before the court? Without the contract, the ground is incomplete.

The rule of this court is that a special motion for new trial must be complete in itself without reference to any other portion of the record. This rule was liberalized to allow the motions to incorporate parts of the record by express reference to the page

number (Ga. L. 1957, pp. 224, 232). However, the charge did not remove the burden from the plaintiffs in error to make their motion sufficiently clear to enable the court to ascertain if the points raised by the motion merit the reversal of the case. *Reserve Life Insurance Co. v. Gay*, 96 *Ga. App.* 601 (101 S. E. 2d 158) ; *Harris v. State*, 96 *Ga. App.* 395 (100 S. E. 2d 120).

■ The further assignment of error, i.e., that the testimony is remote, speculative, and not binding upon the parties, is insufficient. Such assignment is a conclusion which is too general to specify an error with particularity to enable correction. The assignment does not show wherein the testimony is remote and speculative. See *Cowart v. State*, 30 *Ga. App.* 289 (117 S E. 663) ; *Legg v. Legg*, 165 *Ga.* 314 (140 S. E. 868). From the research of this court, it would seem that the evidence of the State Highway Department that certain improvements will be done to prevent or diminish future damage to condemnees' property in a condemnation suit would be binding upon the department, though this question is not passed upon at this time. 89 A.L.R. 879.

■ Special ground 4 of the amended motion for new trial complains of the admission of testimony of Mr. Adams concerning a highwater mark on the condemnor's plans as follows: "The Court: Mr. Adams, I think what Mr. Boney is trying to find out is, how you know where the highwater danger is stopped, and where it starts; how do you know at what level to quit worrying about it; what do you use as a guide to determine that? A. The highwater elevation is given in the plans. The Court: Well, how would whoever fixed the plans know where it was? A. By asking residents along the road when the survey was made. They ask how high the water has gotten in the past ten years. And that's what they . . ."

The condemnees' attorney objected to the testimony as hearsay. His rationale was that the computation and drawing of the highwater mark rested on the declarations of parties other than the witness. Assuming, without deciding, that the basis for the highwater mark on the plans was hearsay, the testimony would not be objectionable. The testimony merely describes how the plans were drawn. It may possibly be that every line on the plan was based on hearsay, but at that juncture of the proceed-

ing, the plan was not before the jury. Only when the condemnor attempts to place the plans in evidence will the condemnees' objection be sound because: the evidence (the plan) would not derive its value solely from the witness, but rest mainly on the veracity and competency of other persons. Code § 38-301. This witness was testifying directly as to how the highwater mark was drawn and not whether the highwater mark was a true representation which would be admissible in court.

■ The plaintiffs in error insist that the verdict is contrary to the principles of justice because predicated on evidence erroneously admitted, and erroneous charges of law. We have held that no special ground excepting to the admission of evidence or charge of the court showed error. Complaint can not be made in a general ground that evidence was erroneously admitted, or that erroneous instructions were given to the jury; this must be done in special grounds and a general ground simply asserting that evidence was erroneously admitted, without specifying what evidence, or that the court erred in charging the jury, without designating the instructions complained of, raises no question for consideration either by the trial court or by this court.

The evidence sustained the verdict. The general grounds of the motion for new trial show no error.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*