## 45596. CLAY v. THE STATE.

EVANS, Judge. The defendant was indicted, tried and convicted of the offense of larceny from the house and sentenced to serve 12 months. The appeal is from this judgment and sentence in which the record and transcript were transmitted in their entirety. *Held:*

1. The district attorney, in his argument, read from *Stevenson v. State,* 83 Ga. 575, 581 (10 SE 234), that: "Where a party being apprised of the evidence to be adduced against him has the means of explanation or refutation in his power if the charge or claim against him be unfounded, and does not explain or refute that evidence, the strongest presumption arises that the

charge is true or the claim well-founded. It would be contrary to all experience of human nature and conduct to come to any other conclusion." This is a text-book citation found therein. Defense counsel promptly objected because it did not deal with an issue in the case. It has been held in *Mills v. State,* 133 Ga. 155 (65 SE 368), that it is error to give the substance of *Code* § 38-119 in a criminal case to the effect that the omission to produce evidence within a party's reach to repel a charge raises a presumption that the charge is well founded. However, counsel merely objected to the reading of this case, claiming: "I don't think this deals with the point that is in issue." He failed to point out wherein and how the matter was harmful and hurtful, and the court did not err in overruling the objection made. See *Summerville v. State,* 65 Ga. App. 11, 12 (14 SE2d 574); *Pace v. State,* 121 Ga. App. 251, 252 (173 SE2d 464); *Worley v. State,* 136 Ga. 231 (8) (71 SE 153); *Dorsey v. State,* 204 Ga. 345 (3) (49 SE2d 886). Counsel having failed to make the proper objection to the argument of counsel, this enumeration of error is not meritorious. *Justice v. State Hwy. Dept.,* 100 Ga. App. 794 (3c) (112 SE2d 307).

2. While under *Jackson v. Denno,* 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205); and Sims v. Georgia, 385 U. S. 538 (87 SC 639, 17 LE2d 593), it has been held that the trial judge must first determine that a confession is freely and voluntarily given, and his conclusion "must appear on the record with unmistakable clarity," it appears that the trial judge so ruled after hearing the evidence of the confession, or admission, out of the presence of the jury in which he ruled: "I hope [hold?] the evidence admissible." It appears that the reporter must have made a typographical error or did not hear the trial judge correctly, since the judge proceeded to allow the jury to hear the evidence of the confession. It cannot be said that the statement of the trial judge was not a ruling on the issue of voluntariness of the alleged confession.

3. This case differs from the facts in *Johnson v. State,* 86 Ga. 90 (13 SE 282) in that the corpus delicti is proven by testimony other than the confession, and it is not in point here. The evidence was sufficient to support the verdict.

4. *Code* § 27-2401 requires that the presiding judge shall, in all felony cases, have the testimony taken down and "when directed by the judge, the court reporter shall exactly and truly record, or take stenographic notes of, the testimony and proceedings in the case." In the event of a verdict of guilty, the testimony shall be entered on the minutes of the court or "in a book to be kept for that purpose." The reporter is paid for taking down the testimony and thereafter for the official transcription of same in felony cases upon conviction. See *Code Ch.* 24-31, as amended (Ga. L. 1949, p. 646; 1951, pp. 630, 631; 1959, pp. 61, 62; 1968, p. 1230); and special laws applicable to certain counties. Since the defendant appealed by pauper's affidavit, he was entitled to have the transcript provided, if needed, for the consideration of the errors alleged. See *Sawyer v. State,* 112 Ga. App. 885, 887 (147 SE2d 60). The court erred in requiring the defendant here, who had filed a pauper's affidavit, to be required to pay the cost of the original transcript without any hearing thereon simply because he was out on bond. See Ga. L. 1955, p. 584 (*Code Ann.* § 24-3413) as to the procedure to follow when a pauper's affidavit is questioned. It is therefore ordered that on the return of the remittitur in this case the cost thereof be returned to counsel who paid it.

*Judgment affirmed with direction. Hall, P. J., and Deen, J., concur.*

ARGUED SEPTEMBER 16, 1970—DECIDED OCTOBER 23, 1970.

*Millard C. Farmer, Jr.,* for appellant.

