46092. GRIFFIN v. THE STATE.

Quillian, Judge. The defendant was convicted of performing an illegal abortion. A motion for new trial was overruled and the case is here for review. *Held:*

1. Enumeration of error number 2 contends that the testimony of a State's witness should have been excluded because she was impeached. Assuming that the witness was impeached, the effect of such evidence is to be determined by the jury. *Code* § 38-1803.

2. Enumeration of error number 3 argues that certain testimony should not have been admitted. However, no proper objection was made. *Aycock v. State,* 188 Ga. 550 (10) (4 SE2d 221).

3. The fourth enumeration of error complains that a witness was allowed to testify whether his department had had complaints of abortions in Bainbridge. Evidence which was substantially the same was previously admitted without objection. *Justice v. State Hwy. Dept.,* 100 Ga. App. 794 (3 a) (112 SE2d 307). Also the objection was not sufficient in that counsel only stated: "I object to that." *Clay v. State,* 122 Ga. App. 677 (1) (178 SE2d 331).

4. In enumeration of error number 5 it is argued that a State's witness should not have been allowed to testify as to a phone conversation she had with the defendant. However, this evidence was not objected to at the time it was offered. See *Clydesdale Bank v. Blackshear Mfg. Co.,* 18 Ga. App. 515 (4) (89 SE 1051).

5. The appellant argues in enumeration number 6 that certain records of the telephone company should not have been admitted. When the records were introduced in evidence there was no objection.

6. Enumerations of error 7, 8 and 9 object to the admission of the testimony of a State's witness that she had seen the defendant perform other abortions. The evidence was properly admitted to prove motive and scheme of the accused. *Moore v. State,* 221 Ga. 636 (1) (146 SE2d 895). The evidence showed that the other abortions were so similar in point of time and method that proof of one tended to prove the present case. *Craig v. State,* 91 Ga. App. 418 (2) (85 SE2d 777).

7. Enumerations of error numbers 13 and 15 assign error on the testimony of a State's witness that she had seen the defendant perform abortions on the ground that she was not qualified as an expert. A reading of the witness's testimony shows that she testified to sufficient facts upon which she could base her opinion that she had observed the defendant performing abortions. A witness need not be an expert to testify as to an opinion if sufficient facts are testified to upon which such opinion is based. See *Code* § 38-1708; *Ga. R. &c. Co. v. Bailey,* 9 Ga. App.

106 (4) (70 SE 607); *Macon & Western R. Co. v. Johnson,* 38 Ga. 409 (5). Moreover, the defendant was cross examined as to the same subject matter.

8. The constitutionality of a law may not be raised for the first time in a motion for a new trial. *Woods v. State,* 222 Ga. 321 (1) (149 SE2d 674). Enumeration of error number 17 is without merit.

9. The evidence was sufficient to support the verdict.

*Judgment affirmed. Jordan, P. J., and Evans, J., concur.*
ARGUED APRIL 7, 1971—DECIDED APRIL 30, 1971—
REHEARING DENIED MAY 25, 1971—CERT. APPLIED FOR.

*Drew, Hendrix & Shea, John W. Hendrix,* for appellant.
*A. Wallace Cato, District Attorney,* for appellee.